1  PHILLIP A. TALBERT
   United States Attorney
2  BRODIE M. BUTLAND
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000

5  Attorneys for the United States of America

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9  M.R.,

10              Plaintiff,                      CASE NO.  5:22-cv-05137-VKD

11        v.

12  FEDERAL CORRECTIONAL INSTITUTION            **ANSWER TO COMPLAINT**
    "FCI" DUBLIN, et al.,
13
                Defendants.
14

15

16        Defendant United States of America, improperly sued as both the Federal Correctional Institute

17  "FCI" Dublin and the United States of America, hereby answers as follows:

18        1.    Defendant denies the allegations of paragraph 1 for lack of information sufficient to form

19  a belief as to their truth.

20        2.    In response to the allegations of paragraph 2 of the Complaint, Defendant admits that

21  Congress enacted the PREA, that the U.S. Department of Justice promulgated regulations regarding the

22  reporting requirements under the PREA, and that the Bureau of Prisons has adopted policies based on

23  the PREA and associated regulations.  Defendant denies the remaining allegations of this paragraph.

24        3.    In response to the allegations of paragraph 3 of the Complaint, Defendant admits that

25  Klinger was a correctional officer at FCI Dublin during the timeframe of the Complaint and that Klinger

26  pleaded guilty to criminal charges for sexual abuse of a ward.  Defendant denies the remaining

27  allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

28

UNITED STATES' ANSWER TO COMPLAINT

4.      In response to the allegations of paragraph 4 of the Complaint, Defendant admits that Garcia was the associate warden between December 2018 and November 2020, and that as associate warden he had some supervisory responsibilities over inmates and staff.  Defendant denies the remaining allegations of this paragraph.

5.      Defendant admits the allegations of paragraph 5 of the Complaint.

6.      In response to the allegations of paragraph 6 of the Complaint, Defendant admits that Garcia assisted with training related to the PREA.  Defendant denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

7.      Defendant denies the allegations of paragraph 7 for lack of information sufficient to form a belief as to their truth.

8.      Defendant denies the allegations of paragraph 8 for lack of information sufficient to form a belief as to their truth.

9.      In response to the allegations of paragraph 9 of the Complaint, Defendant admits that plaintiff has brought those various claims in this lawsuit but denies liability under the FTCA as asserted in Claims Nine and Ten.

10.      In response to the allegations of paragraph 10 of the Complaint, Defendant admits that plaintiff has brought those various claims in this lawsuit but denies liability under the FTCA as asserted in Claims Nine and Ten.

11.      In response to paragraph 11 of the Complaint, Defendant admits that the Court has jurisdiction to decide claims against the United States under the FTCA but denies the remaining allegations for lack of information sufficient to form a belief as to their truth.

12.      In response to paragraph 12 of the Complaint, Defendant admits that the Court has jurisdiction to decide claims against the United States under the FTCA but denies the remaining allegations for lack of information sufficient to form a belief as to their truth.

13.      In response to paragraph 13 of the Complaint, Defendant admits that this Court is a proper venue for plaintiff's claims against the United States under the FTCA but denies the remaining allegations for lack of information sufficient to form a belief as to their truth.

14.      Defendant admits the allegations of paragraph 14 of the Complaint.

UNITED STATES' ANSWER TO COMPLAINT

15.     Defendant denies the allegations of paragraph 15 for lack of information sufficient to form a belief as to their truth.

16.     In response to the allegations of paragraph 16 of the Complaint, Defendant admits that Klinger was a correctional officer at FCI Dublin during the period of time of the Complaint, but denies the remaining allegations of this paragraph.

17.     In response to the allegations of paragraph 17 of the Complaint, Defendant admits that Garcia was the associate warden at FCI Dublin during the period of time of the Complaint, but denies the remaining allegations of this paragraph.

18.     Defendant admits the allegations of paragraph 18 of the Complaint.

19.     In response to the allegations of paragraph 19 of the Complaint, Defendant admits that it is a governmental entity, that FCI Dublin operated under the purview of the Federal Bureau of Prisons (a federal governmental entity), and that the United States has waived sovereign immunity under the FTCA to the extent that plaintiff has properly followed the proper procedural requirements to bring a claim under that law and to the extent that plaintiff's claims do not fall under an exception to the FTCA's waiver of sovereign immunity.  Defendant denies the remaining allegations of this paragraph.

20.     In response to the allegations of paragraph 20 of the Complaint, Defendant admits that the quoted language appears in 28 C.F.R. § 115.11(a) and that the BOP has adopted such a policy, but denies the remaining allegations of this paragraph.

21.     In response to the allegations of paragraph 21 of the Complaint, Defendant admits that PREA regulations mandate that the BOP and correctional staff take certain actions when an inmate has alleged sexual abuse, but denies the remaining allegations of this paragraph.

22.     In response to the allegations of paragraph 22 of the Complaint, Defendant admits that the quoted language (other than the alteration) appears in 28 C.F.R. § 115.61(a) and (b), but denies the remaining allegations of this paragraph.

23.     In response to the allegations of paragraph 23 of the Complaint, Defendant admits that the quoted language (other than the alteration) appears in 28 C.F.R. § 115.62, but denies the remaining allegations of this paragraph.

UNITED STATES' ANSWER TO COMPLAINT

24.    In response to the allegations of paragraph 24 of the Complaint, Defendant admits that a correctional facility must report allegations of inmate sexual abuse to an investigator, that allegations of sexual abuse must be referred to an agency with legal authority to conduct criminal investigations unless the allegations does not involve potentially criminal behavior, and that the agency must document all referrals.  Defendant denies the remaining allegations of this paragraph.

25.    In response to the allegations of paragraph 25 of the Complaint, Defendant admits that the quoted language appears in 28 C.F.R. § 115.67(a), and that subsection (c) of the same regulation requires that for at least 90 days after a report to sexual abuse, the agency must monitor the conduct and treatment of inmates or staff who reported the sexual abuse and of inmates who were reported to have suffered sexual abuse to see if there was any possible retaliation and, if so, to act promptly to remedy any such retaliation.   Defendant denies the remaining allegations of this paragraph.

26.    Defendant admits the allegations of paragraph 26 of the Complaint.

27.    In response to the allegations of paragraph 27 of the Complaint, Defendant admits that 28 C.F.R. § 115.31 requires training of prison employees on various matters relating to sexual abuse of inmates, that the quoted language appears in subsection (e) of that regulation, and that 28 C.F.R. § 115.34 requires specialized training for sexual abuse investigators.  Defendant denies the remaining allegations of this paragraph.

28.    In response to the allegations of paragraph 28 of the Complaint, Defendant admits that staff shall be subject to disciplinary sanctions up to and including termination for violating agency sexual abuse or sexual harassment policies, and that termination is the presumptive disciplinary sanction for staff who have engaged in sexual abuse.  Defendant denies the remaining allegations of this paragraph.

29.    In response to the allegations of paragraph 29 of the Complaint, Defendant admits that 28 C.F.R. § 115.87 provides document retention requirements for information relating to allegations of sexual abuse at prison facilities, and that all data collected under that regulation must be maintained for at least 10 years unless federal, state, or local law requires otherwise per 28 C.F.R. § 115.89(d). Defendant denies the remaining allegations of this paragraph.

UNITED STATES' ANSWER TO COMPLAINT

30.     Defendant denies the allegations of paragraph 30 of the Complaint for lack of information sufficient to form a belief as to their truth.

31.     Defendant denies the allegations of paragraph 31 of the Complaint for lack of information sufficient to form a belief as to their truth.

32.     Defendant denies the allegations of paragraph 32 of the Complaint for lack of information sufficient to form a belief as to their truth.

33.     Defendant denies the allegations of paragraph 33 of the Complaint for lack of information sufficient to form a belief as to their truth.

34.     Defendant denies the allegations of paragraph 34 of the Complaint for lack of information sufficient to form a belief as to their truth.

35.     Defendant denies the allegations of paragraph 35 of the Complaint for lack of information sufficient to form a belief as to their truth.

36.     Defendant denies the allegations of paragraph 36 of the Complaint for lack of information sufficient to form a belief as to their truth.

37.     Defendant denies the allegations of paragraph 37 of the Complaint for lack of information sufficient to form a belief as to their truth.

38.     Defendant denies the allegations of paragraph 38 of the Complaint for lack of information sufficient to form a belief as to their truth.

39.     Defendant denies the allegations of paragraph 39 of the Complaint for lack of information sufficient to form a belief as to their truth.

40.     Defendant denies the allegations of paragraph 40 of the Complaint for lack of information sufficient to form a belief as to their truth.

41.     Defendant denies the allegations of paragraph 41 of the Complaint for lack of information sufficient to form a belief as to their truth.

42.     Defendant denies the allegations of paragraph 42 of the Complaint for lack of information sufficient to form a belief as to their truth.

43.     Defendant denies the allegations of paragraph 43 of the Complaint for lack of information sufficient to form a belief as to their truth.

44.     Defendant denies the allegations of paragraph 44 of the Complaint for lack of information sufficient to form a belief as to their truth.

45.     Defendant denies the allegations of paragraph 45 of the Complaint for lack of information sufficient to form a belief as to their truth.

46.     In response to the allegations of paragraph 46 of the Complaint, Defendant admits that five employees of FCI Dublin have been indicted by the Department of Justice, and that several other employees have at some point been placed on leave pending investigation.  Defendant denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

47.     Defendant denies the allegations of paragraph 47 of the Complaint for lack of information sufficient to form a belief as to their truth.

48.     Defendant denies the allegations of paragraph 48 of the Complaint for lack of information sufficient to form a belief as to their truth.

CLAIM ONE

49.     Defendant incorporates by reference its previous responses.

50.     Paragraph 50 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

51.     Paragraph 51 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

52.     Paragraph 52 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

53.     Paragraph 53 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

54.    Paragraph 54 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

55.    Paragraph 55 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

56.    In response to the allegations of paragraph 56 of the Complaint, Defendant admits that Garcia was the associate warden during the timeframe relevant to the Complaint, that he had some supervisory responsibility over inmates and officers, and that he was involved with training staff. Defendant denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

57.    Paragraph 57 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

58.    Paragraph 58 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

59.    Paragraph 59 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant admits that plaintiff is seeking those damages from Klinger and Garcia but denies that it is liable for those damages.

COUNT TWO

60.    Defendant incorporates by reference its previous responses.

61.    Paragraph 61 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant admits that plaintiff brings a claim for gender violence against Klinger but denies that it is liable under such a theory.

62.    Paragraph 62 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant admits that Cal.

Civil Code § 52.4 permits a person subjected to gender violence to bring a civil action for damages against the responsible party, but denies that it is liable under this statute.

63.     Paragraph 63 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

64.     Defendant admits the allegations of paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

66.     Paragraph 66 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it can be held liable for punitive damages, and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

67.     Paragraph 67 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it can be held liable for punitive damages, and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

68.     Paragraph 68 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that plaintiff may recover attorneys' fees from it, and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

CLAIM THREE

69.     Defendant incorporates by reference its previous responses.

70.     Paragraph 70 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant admits that plaintiff is bringing a claim against Klinger under Cal. Civil Code § 1708.5 but denies that it is liable under that provision.

71.     Paragraph 71 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

72.     Paragraph 72 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

73.     Paragraph 73 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

74.     Paragraph 74 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

75.     Paragraph 75 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

76.     In response to the allegations of paragraph 76 of the Complaint, Defendant admits that Klinger acted outside the scope of employment to the extent that he committed the acts alleged in the Complaint, that such actions would be very far below the acceptable standard of custodial conduct. Defendant denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

77.     Paragraph 77 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

78.     Paragraph 78 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response. To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

79.     Paragraph 79 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

CLAIM FOUR

80.     Defendant incorporates by reference its previous responses.

81.     Paragraph 81 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant admits that plaintiff is bringing a battery claim against Klinger individually but denies that Defendant is liable under it.

82.     Paragraph 82 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

83.     Paragraph 83 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

84.     Paragraph 84 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

85.     Paragraph 85 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

86.     Paragraph 86 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

87.     In response to the allegations of paragraph 87 of the Complaint, Defendant admits that Klinger acted outside the scope of employment to the extent that he committed the acts alleged in the Complaint and that such actions would be very far below the acceptable standard of custodial conduct.

Defendant denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

88.    Paragraph 88 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

89.    Paragraph 89 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

90.    Paragraph 90 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

CLAIM FIVE

91.    Defendant incorporates by reference its previous responses.

92.    Paragraph 92 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant admits that plaintiff brings an intentional infliction of emotional distress claim against Klinger but denies that it is liable for the claim.

93.    Paragraph 93 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

94.    Paragraph 94 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

95.    Paragraph 95 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

96.     In response to the allegations of paragraph 96 of the Complaint, Defendant admits that Klinger acted outside the scope of employment to the extent that he committed the acts alleged in the Complaint and that such actions would be very far below the acceptable standard of custodial conduct. Defendant denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

97.     Paragraph 97 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

98.     Paragraph 98 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

CLAIM SIX

99.     Defendant incorporates by reference its previous responses.

100.     In response to the allegations of paragraph 100 of the Complaint, Defendant admits that plaintiff is bringing a negligence claim against Klinger and Garcia but denies that it is liable for that claim.

101.     Paragraph 101 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

102.     Paragraph 102 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

103.     Paragraph 103 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

104.    In response to the allegations of paragraph 104 of the Complaint, Defendant admits that to the extent Klinger and Garcia engaged in the sexual abuse alleged in the Complaint, their actions were void of any penological justification.  Defendant denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

105.    In response to the allegations of paragraph 105 of the Complaint, Defendant admits that Klinger and Garcia acted outside the scope of employment to the extent that they committed the sexual abuse alleged in the Complaint and that such actions would be very far below the acceptable standard of custodial conduct.  Defendant denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

106.    Paragraph 106 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

107.    Paragraph 107 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

108.    Paragraph 108 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

CLAIM SEVEN

109.    Defendant incorporates by reference its previous responses.

110.    In response to the allegations of paragraph 110 of the Complaint, Defendant admits that plaintiff is bringing negligent infliction of emotional distress claim against Klinger but denies that it is liable for that claim.

111.    Paragraph 111 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

112.    Paragraph 112 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

113.    Paragraph 113 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

114.    Paragraph 114 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

115.    Paragraph 115 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

116.    In response to the allegations of paragraph 116 of the Complaint, Defendant admits that Klinger acted outside the scope of employment to the extent that he committed the acts alleged in the Complaint and that such actions would be very far below the acceptable standard of custodial conduct. Defendant denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

117.    Paragraph 117 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

118.    Paragraph 118 of the Complaint relates to claims against other defendants in this matter, and thus does not require a response.  To the extent a response is required, Defendant denies that it is liable for punitive damages and denies the remaining allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

CLAIM EIGHT

119.    Defendant incorporates by reference its previous responses.

1    120.    In response to the allegations of paragraph 120 of the Complaint, Defendant admits that

2    plaintiff is bringing an Eighth Amendment claim against Garcia but denies that it is liable for that claim.

3    121.    Paragraph 121 of the Complaint relates to claims against other defendants in this matter,

4    and thus does not require a response.  To the extent a response is required, Defendant denies the

5    allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

6    122.    Paragraph 122 of the Complaint relates to claims against other defendants in this matter,

7    and thus does not require a response.  To the extent a response is required, Defendant denies the

8    allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

9    123.    Paragraph 123 of the Complaint relates to claims against other defendants in this matter,

10   and thus does not require a response.  To the extent a response is required, Defendant denies the

11   allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

12   124.    Paragraph 124 of the Complaint relates to claims against other defendants in this matter,

13   and thus does not require a response.  To the extent a response is required, Defendant denies the

14   allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

15   125.    Paragraph 125 of the Complaint relates to claims against other defendants in this matter,

16   and thus does not require a response.  To the extent a response is required, Defendant denies the

17   allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

18   126.    Paragraph 126 of the Complaint relates to claims against other defendants in this matter,

19   and thus does not require a response.  To the extent a response is required, Defendant denies the

20   allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

21   127.    Paragraph 127 of the Complaint relates to claims against other defendants in this matter,

22   and thus does not require a response.  To the extent a response is required, Defendant denies that it is

23   liable for punitive damages and denies the remaining allegations of this paragraph for lack of

24   information sufficient to form a belief as to their truth.

25   128.    Paragraph 128 of the Complaint relates to claims against other defendants in this matter,

26   and thus does not require a response.  To the extent a response is required, Defendant denies that it is

27   liable for punitive damages and denies the remaining allegations of this paragraph for lack of

28   information sufficient to form a belief as to their truth.

FEDERAL TORT CLAIMS ACT ADMINISTRATIVE EXHAUSTION

129.    Defendant admits that plaintiff asserts Claims Nine and Ten against it, but denies that it is liable under those claims.

130.    In response to the allegations of paragraph 130 of the Complaint, Defendant admits that plaintiff has administratively exhausted claims that fall within her SF 95 form submitted on or about October 18, 2021.  Defendant denies the remaining allegations of this paragraph.

131.    Defendant admits the allegations of paragraph 131 of the Complaint.

132.    Defendant admits the allegations of paragraph 132 of the Complaint.

133.    Defendant admits the allegations of paragraph 133 of the Complaint.

134.    Defendant admits the allegations of paragraph 134 of the Complaint.

135.    Defendant admits the allegations of paragraph 132 of the Complaint.

CLAIM NINE

136.    Defendant incorporates by reference its previous responses.

137.    In response to the allegations of paragraph 137 of the Complaint, Defendant admits that plaintiff brings a claim against the United States under the FTCA based on the alleged actions of Klinger and Garcia and that Klinger and Garcia were working at FCI Dublin during the time period relevant to the Complaint.  Defendant denies the remaining allegations of this paragraph.

138.    In response to the allegations of paragraph 138 of the Complaint, Defendant admits that plaintiff was an inmate for a part of the time that is alleged in the Complaint.  Defendant denies the remaining allegations of this paragraph.

139.    In response to the allegations of paragraph 139 of the Complaint, Defendant admits that Garcia and Klinger had some responsibilities under PREA regulations and BOP policy to protect inmates from sexual abuse, as specified in those regulations and BOP policy.  Defendant denies the remaining allegations of this paragraph.

140.    In response to the allegations of paragraph 140 of the Complaint, Defendant admits that Garcia and Klinger had some responsibilities under PREA regulations and BOP policy to protect inmates from sexual abuse, as specified in those regulations and BOP policy.  Defendant denies the remaining allegations of this paragraph.

141.    Defendant denies the allegations of paragraph 141 of the Complaint for lack of information sufficient to form a belief as to their truth.

142.    Defendant denies the allegations of paragraph 142 of the Complaint for lack of information sufficient to form a belief as to their truth.

143.    Defendant denies the allegations of paragraph 143 of the Complaint for lack of information sufficient to form a belief as to their truth.

144.    Defendant denies the allegations of paragraph 144 of the Complaint.

145.    Defendant denies the allegations of paragraph 145 of the Complaint for lack of information sufficient to form a belief as to their truth.

146.    In response to the allegations of paragraph 146 of the Complaint, Defendant admits that plaintiff is seeking the enumerated damages but denies that Defendant is liable for them.

CLAIM TEN

147.    Defendant incorporates by reference its previous responses.

148.    In response to the allegations of paragraph 148 of the Complaint, Defendant admits that plaintiff is bringing a negligent infliction of emotional distress claim against the United States under the FTCA and that Klinger and Garcia were employed by FCI Dublin during the relevant timeline in the Complaint.  Defendant denies the remaining allegations of this paragraph.

149.    Defendant denies the allegations of paragraph 149 of the Complaint.

150.    In response to the allegations of paragraph 150 of the Complaint, Defendant admits that Garcia and Klinger had some responsibilities under PREA regulations and BOP policy to protect inmates from sexual abuse, as specified in those regulations and BOP policy.  Defendant denies the remaining allegations of this paragraph.

151.    Defendant denies the allegations of paragraph 151 of the Complaint for lack of information sufficient to form a belief as to their truth.

152.    Defendant denies the allegations of paragraph 152 of the Complaint for lack of information sufficient to form a belief as to their truth.

153.    Defendant denies the allegations of paragraph 153 of the Complaint.

154.    Defendant denies the allegations of paragraph 154 of the Complaint for lack of information sufficient to form a belief as to their truth.

155.    Defendant denies the allegations of paragraph 155 of the Complaint for lack of information sufficient to form a belief as to their truth.

156.    Defendant denies the allegations of paragraph 156 of the Complaint for lack of information sufficient to form a belief as to their truth.

157.    In response to the allegations of paragraph 157 of the Complaint, Defendant admits that plaintiff seeks nominal and compensatory damages but denies that the United States is liable for them.

158.    Defendant controverts the prayer for relief, especially as to punitive damages and attorneys' fees which are not recoverable against the United States in this context.

159.    All allegations not expressly admitted herein are denied.

160.    Defendant reserves the right to amend this Answer once further information becomes available.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's claim fails to state a claim upon which relief can be granted.

2.    FCI Dublin is not a proper party to this lawsuit.

3.    Plaintiff has not properly served the United States.

4.    The United States did not breach any actionable duty to the plaintiff.

5.    This Court lacks jurisdiction over Plaintiff's claims, in whole or in part, because they fall outside the FTCA's waiver of sovereign immunity.

6.    Plaintiff is not entitled to a jury trial.  28 U.S.C. § 2402.

7.    Attorney's fees, if any, may only be paid from, not in addition to, damages that may be awarded.  28 U.S.C. § 2674.

8.    The injuries and/or damages alleged in the Complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States acting within the scope of his or her employment.

9.    The United States contests the extent of plaintiff's claimed injuries, whatever they may be, as well as plaintiff's assertion that said injuries, resulting treatment, alleged

requirement for future treatment and/or residual effects were caused by the incident referenced in plaintiff's complaint.

10. Plaintiff's recovery, if any, is limited to the damages recoverable under the FTCA.

11. Plaintiff cannot recover punitive damages against Defendant under the FTCA.

12. Plaintiff cannot recover attorneys' fees against Defendant under the FTCA.

13. Plaintiff cannot recover prejudgment interest against Defendant under the FTCA.

14. The plaintiff's recovery, if any, must be restricted to damages allowable by California statutory and/or common law.

15. Defendant contests the amounts, necessity, reasonableness, and relatedness of any damages for which plaintiff seeks relief in her complaint.

16. Any recovery or other award made against the United States herein must be reduced to the extent that Plaintiff failed to mitigate any damages.

17. Plaintiff's damages, if any, must be reduced by any collateral source as permitted by law.

18. Pursuant to 28 U.S.C. § 2675, Plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that which was set forth in her administrative claim.

19. The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time, but may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses, as they are ascertained through discovery.

Respectfully submitted,

Dated: January 30, 2023                          PHILLIP A. TALBERT
                                                 United States Attorney


                                          By:   /s/ Brodie M. Butland
                                                 BRODIE M. BUTLAND
                                                 Assistant United States Attorney

                                                 Acting under authority conferred
                                                 by 28 U.S.C. § 515

UNITED STATES' ANSWER TO COMPLAINT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States

Attorney for the Eastern District of California and is a person of such age and discretion to be competent

to serve papers:

That on January 30, 2023, she served a copy of:

**UNITED STATES' ANSWER TO COMPLAINT**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s)

and address(es) stated below, which is/are the last known address(es), and by depositing said envelope

and its contents in the United States Mail at Fresno, California.

**Addressee(s):**
Ross Klinger
3050 Mission Inn Ave Ste 355
Fontana, CA 92507

/s/*Bonnie L'Argent*
Bonnie L'Argent

UNITED STATES' ANSWER TO COMPLAINT