JESSICA K. PRIDE (SBN 249212)
jpride@pridelawfirm.com
DANTE PRIDE (SBN 262362)
dpride@pridelawfirm.com
ALFRED VON KESSLER IV (SBN 309453)
avk@pridelawfirm.com
THE PRIDE LAW FIRM
2831 Camino Del Rio S., Suite 104
San Diego, CA 92108
Telephone: (619) 516-8166
Facsimile: (619) 785-3414
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL CORRECTIONAL INSTITUTION ("FCI") DUBLIN; ROSS KLINGER; RAY J. GARCIA; and UNITED STATES OF AMERICA, a governmental entity, <br><br> Defendants. | CASE NO. 4:22-cv-05137-YGR <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** <br><br> Date: July 10, 2023 <br> Time: 9:00 a.m. <br> Dept.: 1, Fourth Floor <br> Judge: Hon. Yvonne Gonzalez Rogers |

The parties to the above-entitled action jointly submit this Joint Case Management Statement & [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. Jurisdiction & Service

Plaintiff brought this action for claims under 34 U.S.C. § 30301, *et seq.*

All parties have been served. There are no issues concerning personal jurisdiction, venue, or service.

2. Facts

Plaintiff's Statement:

M.R., a former federal inmate at Federal Correctional Institute ("FCI") Dublin, contends she was repeatedly subjected to sexual abuse in violation of federal and state law. Plaintiff brings this civil action and assert claims: (1) against Ross Klinger ("Klinger") and Ray J. Garcia ("Garcia") under the Eighth Amendment's Cruel and Unusual Punishment Clause (Excessive Force), California's gender violence and sexual assault statutes (Civil Code §§ 52.4 and 1708.5), and California common law (Battery and Negligence); (2) against FCI Dublin under the Eighth Amendment's Cruel and Unusual Punishment Clause (Deliberate Indifference); (3) against FCI Dublin under the Fifth Amendment's Due Process Clause (Procedural Due Process); and (4) against the United States of America under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 1671-2680) ("FTCA") for various tort claims against all Defendants arising under California common law committed within the course and scope of their federal office or employment.

Defendants' Statement:

The United States maintains that FCI Dublin is not a proper party to this lawsuit, as the Federal Tort Claim Act only permits claims against the United States, not against federal agencies or entities. The United States also states that its liability may be reduced in whole or in part to the extent that the actions of Defendants Klinger and Garcia were not within the scope of their authority. The United States maintains that Plaintiff cannot seek punitive damages or attorney fees against it per federal statute.

Defendant Garcia has no knowledge of or involvement in this case.

3. Legal Issues

At this time, Plaintiff's legal issues involve claims: (1) against Ross Klinger ("Klinger") and Ray J. Garcia ("Garcia") under the Eighth Amendment's Cruel and

Unusual Punishment Clause (Excessive Force), California's gender violence and sexual assault statutes (Civil Code §§ 52.4 and 1708.5), and California common law (Battery and Negligence); (2) against FCI Dublin under the Eighth Amendment's Cruel and Unusual Punishment Clause (Deliberate Indifference); (3) against FCI Dublin under the Fifth Amendment's Due Process Clause (Procedural Due Process); and (4) against the United States of America under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 1671-2680) ("FTCA") for various tort claims against all Defendants arising under California common law committed within the course and scope of their federal office or employment.

The United States anticipates that issues may arise as to whether some or all of Klinger's or Garcia's actions fall outside the scope of their employment and are thus not actionable against the United States under the FTCA. Additionally, depending on the nature of Plaintiff's negligent supervision claim against Garcia or other BOP officials, parts of that claim may be barred by the discretionary function exception to the FTCA. The United States believes, however, that it is premature to raise these issues at this time.

Defendant Garcia has filed a motion to dismiss in this case, because the complaint fails to state a claim for relief against him. The high bar for pleading a *Bivens* claim has not been met, and there also is no *respondeat superior* liability under *Bivens*.

4. Motions

Defendant Garcia has filed a motion to dismiss in this case, because the complaint fails to state a claim for relief against him. The high bar for pleading a *Bivens* claim has not been met, and there also is no *respondeat superior* liability under *Bivens*.

Plaintiff filed an Administrative Motion to Relate Cases on May 17, 2023. The Court ruled that *USA v. Bellhouse*; 22-cr-00066-YGR is related to the instant case on May 23, 2023. The Court ruled that *D.V. v. USA* 23-cv-02135-YGR; *M.S. v.*
THE PRIDE
LAW FIRM

- 3 -
JOINT CASE MANAGEMENT STATEMENT
4:22-CV-05137-YGR

*FCI Dublin* 22-cv-08924-YGR; and *Preciado v. Bellhouse* 22-cv-09096-YGR are related to the instant case on June 1, 2023. The Court ruled that *A.J. v. United States of America* 23-cv-02201-JST; *C.C. v. United States of America;* 23-cv-02206-AGT; *J.A. v. United States of America* 23-cv-02342-AGT*; A.R. v. United States of America* 23-cv-02405-JD*; and D.S. v. United States of America* 23-cv-02668-JSC are related to the instant case on June 7, 2023.

All parties filed a Joint Stipulation and proposed Order to stay cases until September 29, 2023 on June 13, 2023, and thereafter the Court scheduled this Case Management Conference.

5. Amendment of Pleadings

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff voluntarily dismissed Defendant FCI Dublin from this action.

Defendant Garcia will not be filing an answer until or unless his motion to dismiss is ruled upon and denied.

6. Evidence Preservation

The Office of the Inspector General is currently investigating matters at FCI-Dublin and is currently in possession of most, if not all, of the relevant information for this matter. It is unclear when that information can be released at this time. We will have a better understanding in the next couple of months.

Defendant Garcia does not believe he is in possession of any evidence related to this case, but he will preserve anything related to his prior employment in his possession, custody or control.

7. Disclosures

The United States will make any disclosures required by the Federal Rules of Civil Procedure or the Court within the required timeframes. The United States notes, however, that due to the ongoing OIG investigation and criminal proceedings against Defendants Klinger and Garcia, it will be prohibitively difficult to obtain information for initial disclosures, at least until the criminal matters are resolved.

| | |
|---|---|
| 1 | The United States joined a stipulation to stay this case for this reason. |
| 2 | Plaintiff's Counsel also will make any disclosures required by the Federal |
| 3 | Rules of Civil Procedure or the Court within the required timeframes. Plaintiff's |
| 4 | Counsel notes, that The United States has advised that they cannot produce relevant |
| 5 | evidence or provide meaningful answers in the disclosures due to the ongoing OIG |
| 6 | investigation and criminal proceedings against Klinger, Garcia, and Bellhouse. For |
| 7 | the foregoing reasons, Plaintiff signed the joined stipulation to stay the case until |
| 8 | July 1, 2023. However, Plaintiff is entitled to proceed with litigation in a timely |
| 9 | fashion and will not agree to further continuances unless there is just cause. |
| 10 | Plaintiff believes there is some limited discovery that can be accomplished. |
| 11 | Defendant Garcia will make any disclosures required by the Federal Rules of |
| 12 | Civil Procedure or the Court within the required timeframes. |
| 13 | 8. Discovery |
| 14 | The United States anticipates propounding written discovery to Plaintiff and |
| 15 | to co-defendants and anticipates several depositions. The information obtained in |
| 16 | those depositions may be limited by Fifth Amendment rights against self- |
| 17 | incrimination. |
| 18 | Plaintiff anticipates propounding written discovery to Defendants and |
| 19 | anticipates numerous depositions, and a site inspection. |
| 20 | If he is not dismissed, defendant Garcia will propound written discovery and |
| 21 | participate in taking depositions. Defendant Garcia currently has a right against |
| 22 | self-incrimination that will likely prevent him from responding to any discovery |
| 23 | related to his ongoing criminal prosecution. |
| 24 | 9. Class Actions |
| 25 | This is not a class action. |
| 26 | 10. Related Cases |
| 27 | A Motion for Administrative Relief to Consider Whether Cases Should be |
| 28 | Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship |

(Civil L.R. 3-12) has been filed. The Court found that the following cases are related:

> *USA v. Bellhouse*; 22-cr-00066-YGR;
>
> *D.V. v. USA* 23-cv-02135-YGR;
>
> *M.S. v. FCI Dublin* 22-cv-08924-YGR;
>
> *Preciado v. Bellhouse* 22-cv-09096-YGR;
>
> *A.J. v. United States of America* 23-cv-02201-YGR;
>
> *C.C. v. United States of America;* 23-cv-02206-YGR;
>
> *J.A. v. United States of America* 23-cv-02342-YGR*;*
>
> *A.R. v. United States of America* 23-cv-02405-YGR*; and*
>
> *D.S. v. United States of America* 23-cv-02668-YGR are related to the instant

case on June 7, 2023In addition to the above, Plaintiff's Counsel intends to file seven more related cases in the next three months.

11. Relief

   Plaintiff's Statement

   Plaintiff seeks nominal, compensatory and punitive damages, attorneys' fees and costs, and any other relief that the Court deems appropriate.

   Defendants' Statement

   The United States may seek dismissal of any claims against it to the extent that those claims arise out of actions falling outside Klinger's or Garcia's scope of employment.

   Defendant Garcia seeks dismissal and an award of attorney's fees and expenses if he is the prevailing party.

12. Settlement and ADR

   The United States believes that this case is amenable to mediation, but it will need to obtain some information in discovery to properly valuate the case. As noted above, the United States anticipates significant difficulty obtaining information necessary to properly valuate the case for several months, while criminal cases are

1  still proceeding.

2  Plaintiff is amenable to mediation.

3  Defendant Garcia will participate in any court-ordered ADR.

   13. Other References

   The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

   14. Narrowing of Issues

   Defendant Garcia believes the issues will be narrowed by considering his dismissal motion at the earliest possible time.

   15. Expedited Trial Procedure

   The United States is opposed to an expedited trial. Plaintiff is also opposed.

   Defendant Garcia is opposed to an expedited trial since this case is likely to be stayed and his motion to dismiss has been dismissed without prejudice and will have to be refiled.

   16. Scheduling

   Defendants' Statement:

   The United States believes that a schedule is premature at this time because obtaining information in discovery will be prohibitively difficult for several months due to ongoing criminal proceedings, which is why the United States has joined a stipulation to stay the matter until July 1, 2023. Should the Court nonetheless desire to set a case schedule, the United States asks that it provide for an extended period of fact discovery to account for difficulties the parties are likely to encounter in obtaining information.

   Defendant Garcia requests that his motions to dismiss be heard and ruled upon before he is required to engage in any discovery. Defendant Garcia also may not be available to participate personally in trial proceedings. He has no other scheduling concerns.

THE PRIDE LAW FIRM

- 7 -
JOINT CASE MANAGEMENT STATEMENT
4:22-CV-05137-YGR

1 still proceeding.

2 Plaintiff is amenable to mediation.

3 Defendant Garcia will participate in any court-ordered ADR.

4     13. Other References

5 The parties agree that this case is not suitable for reference to binding
6 arbitration or a special master, or reference to the Judicial Panel on Multidistrict
7 Litigation.

8     14. Narrowing of Issues

9 Defendant Garcia believes the issues will be narrowed by considering his
10 dismissal motion at the earliest possible time.

11     15. Expedited Trial Procedure

12 The United States is opposed to an expedited trial. Plaintiff is also opposed.

13 Defendant Garcia is opposed to an expedited trial since this case is likely to
14 be stayed and his motion to dismiss has been dismissed without prejudice and will
15 have to be refiled.

16     16. Scheduling

17     Defendants' Statement:

18 The United States believes that a schedule is premature at this time because
19 obtaining information in discovery will be prohibitively difficult for several months
20 due to ongoing criminal proceedings, which is why the United States has joined a
21 stipulation to stay the matter until July 1, 2023. Should the Court nonetheless
22 desire to set a case schedule, the United States asks that it provide for an extended
23 period of fact discovery to account for difficulties the parties are likely to encounter
24 in obtaining information.

25 Defendant Garcia requests that his motions to dismiss be heard and ruled
26 upon before he is required to engage in any discovery. Defendant Garcia also may
27 not be available to participate personally in trial proceedings. He has no other
28 scheduling concerns.

1 | Plaintiff's Statement:

Plaintiff also believes that a schedule is premature, because obtaining information in discovery will be prohibitively difficult for several months due to ongoing criminal proceedings, which is why the Plaintiff joined a stipulation to stay the matter until September 29, 2023. Should the Court nonetheless desire to set a case schedule, the Plaintiff asks that it provide for an extended period of fact discovery to account for difficulties the parties are likely to encounter in obtaining information.

17. Trial

This case is expected to be a jury trial. The trial is estimated to last 14 days.

18. Disclosure of Non-Party Interested Entities or Persons

Unknown at this time.

19. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other

The parties are not presently aware of other matters that should be brought to the attention of the Court.

Respectfully Submitted,

Dated: July 3, 2023        **THE PRIDE LAW FIRM**

/s/ Jessica K. Pride_____
Jessica K. Pride
*Counsel for Plaintiff*

| | | |
|---|---|---|
| Dated: July 3, 2023 | | PHILLIP A. TALBERT<br>United States Attorney |
| | | /s/ BRODIE BUTLAND<br>BRODIE BUTLAND<br>Assistant United States Attorney |
| | | *Counsel for the United States of America* |
| | | Acting under authority conferred by 28 U.S.C. § 515 |
| Dated: July 3, 2023 | | LAW OFFICE OF KEVIN G. LITTLE |
| | | /s/ KEVIN G. LITTLE<br>KEVIN G. LITTLE<br>*Counsel for Ray J. Garcia* |
| Dated: July 3, 2023 | | ROSS KLINGER |
| | | /s/ ROSS KLINGER<br>ROSS KLINGER<br>*Defendant in pro per* |

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____
HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

THE PRIDE LAW FIRM

- 9 -
JOINT CASE MANAGEMENT STATEMENT
4:22-CV-05137-YGR