JESSICA K. PRIDE (SBN 249212)
jpride@pridelawfirm.com
DANTE PRIDE (SBN 262362)
dpride@pridelawfirm.com
ALFRED VON KESSLER IV (SBN 309453)
avk@pridelawfirm.com
THE PRIDE LAW FIRM
2831 Camino Del Rio S., Suite 104
San Diego, CA 92108
Telephone: (619) 516-8166
Facsimile: (619) 785-3414
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R.,<br><br>          Plaintiff,<br><br>v.<br><br>FEDERAL CORRECTIONAL INSTITUTION ("FCI") DUBLIN; ROSS KLINGER; RAY J. GARCIA; and UNITED STATES OF AMERICA, a governmental entity,<br><br>          Defendants. | CASE NO. 4:22-cv-05137-YGR<br><br>*Related To*:<br><br>*JA*, 23-cv-02342-YGR<br>*LA*, 23-cv-03475-YGR<br>*LC*, 23-cv-03558-YGR<br>*CC*, 23-cv-02206-YGR<br>*JC*, 23-cv-04698-YGR<br>*AJ*, 23-cv-02201-YGR<br>*SM*, 23-cv-03562-YGR<br>*JO*, 23-cv-03700-YGR<br>*NP*, 23-cv-05356-YGR<br>*DS*, 23-cv-02668-YGR<br>*YS*, 23-cv-03538-YGR<br>*MS*, 22-cv-08924-YGR<br>*DV*, 23-cv-02135-YGR<br>*AR*, 23-cv-02405-YGR<br>*Cal. Coalition*, 23-cv-04155-YGR<br>*RC*, 23-cv-03716-YGR<br>*JR*, 23-cv-03994-YGR<br>*Andrea Reyes*, 22-cv-07704-YGR<br>*KC*, 23-cv-03997-YGR<br>*NE*, 23-cv-03641-YGR<br>*SF*, 23-cv-04437-YGR<br>*JF*, 23-cv-04434-YGR<br>*DG*, 23-cv-05339-YGR<br>*DG*, 23-cv-03390-YGR<br>*SAH*, 23-cv-04317-YGR<br>*JM*, 23-cv-04283-YGR<br>*MP*, 23-cv-04435-YGR |

*LR*, 23-cv-04361-YGR
*RR*, 23-cv-04436-YGR
*CV*, 23-cv-04321-YGR
*AZ*, 23-cv-03827-YGR
*AC*, 23-cv-04691-YGR
*Chaney et al.*, 23-cv-02986-YGR
*RR*, 23-cv-05392-YGR
*Gonzalez*, 23-cv-04611-YGR
*RR*, 23-cv-5294-YGR
*MJR*, 23-cv-05821-YGR
*Genesis Preciado*, 22-9096-YGR
*CM*, 23-cv-6150
*Hill et al.*, 23-cv-05374-LB

Cases not yet related:
*AT*, 23-cv-05343-HSG
*AP*, 23-cv-05623-AMO
*DC*, 23-cv-6146-SK

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Date:       December 11, 2023
Time:       3:00 p.m.
Dept.:      1, Fourth Floor
Judge:      Hon. Yvonne Gonzalez Rogers

The above-entitled civil actions arise out of Federal Correctional Institute ("FCI") Dublin.[1] The Plaintiffs in the above-entitled actions; the United States, which has been named as a defendant in most of the above-entitled actions;[2] and Ray Garcia, through his attorney Kevin Little, jointly submit this Joint Case Management Statement & [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9 for purposes of the December 11, 2023 case management conference. The United States Attorney's Office (USAO) for the Eastern District of California is serving as the liaison counsel for the United States in the above-entitled actions for purposes of the December 11, 2023 case management conference. To date, 28 individual defendants have been named in the civil cases, and based on court filings to-

---

[1] The Standing Order provides that joint case management statements should not, except in unusually complex cases, exceed 10 pages. The Parties respectfully submit this statement in excess of 10 pages given the complexity and number of cases at issue.
[2] The United States is a defendant in all the above-entitled actions except for: (1) *Genesis Preciado v. Bellhouse*, 22-cv-9096-YGR; and (2) *RR v. Garcia*, 23-cv-5294-YGR.

THE PRIDE
LAW FIRM

date, it appears that only Defendant Ray Garcia and Lawrence Gacad are represented by counsel; John Bellhouse and Patrick Pool are representing themselves *pro se*.

**A. Summary of Proposed Case Management and Structure**

As outlined in more detail below, Plaintiffs and the United States respectfully propose the following overall case management and structure of the FCI-Dublin civil cases: (1) Except as to the claims for injunctive relief, the parties in the currently-filed cases request a stay until July 2024 to engage in pre-litigation mediation to explore resolving as many cases as possible [see Section B.12 below]; and (2) For any cases that do not resolve by mediation, the parties propose a case management structure based on three categories of cases that promote organization and efficiency for the court and the parties. The proposed structure is discussed in Section B.16 below. In addition, the United States maintains that all of these civil cases should continue to be stayed pending resolution of all criminal investigations and any related prosecution arising from the alleged conduct to avoid significant concerns relating to Fifth Amendment self-incrimination rights, as well as the overall integrity of the criminal investigations. The United States' proposal is outlined in Section C.16.

**B. Additional Case Management Sections Required by Local Rule 16-9**

**1.    Jurisdiction & Service**

The United States is still assessing issues concerning subject matter jurisdiction. The parties agree that there are no issues concerning personal jurisdiction or venue. However, Plaintiffs assert that they have completed service in approximately half of the cases. Exhibit A identifies the cases where service has been completed.

On November 10 and November 22, 2023, Plaintiffs in *California Coalition for Women Prisoners et al. v. BOP* (4:23-cv-04155-YGR) ("*CWWP*") filed an *Ex Parte* Application for Enlargement of Time Under Federal Rule of Civil Procedure 6(b) & 4(i)(4)(B) to extend the time to serve several individual Defendants. The CCWP Plaintiffs have served the USAO and AGs on behalf of all individual defendants, but they have been unable to personally serve several individual defendants. These motions were granted on November 17 and 28, 2023, respectively, and the deadlines extended to February 9, 2024

1

2.      **Facts**

2      Plaintiffs are or were federal inmates at FCI-Dublin.  They contend that they were

3   repeatedly subjected to sexual abuse in violation of federal and state law.  Plaintiffs generally bring

4   these civil actions and assert various state, federal, and constitutional law claims including: the

5   Eighth Amendment's Cruel and Unusual Punishment Clause (Excessive Force and Deliberate

6   Indifference), California's gender violence and sexual assault statutes (Civil Code §§ 52.4 and

7   1708.5), California common law (Assault, Battery and Negligence), Eighth Amendment's Cruel

8   and Unusual Punishment Clause (Deliberate Indifference), the Federal Tort Claims Act (28 U.S.C.

9   §§ 1346(b), 1671-2680) ("FTCA") for various tort claims against all Defendants, as well as other

10  claims arising under California common law and statutory law.  Additional claims include First

11  Amendment violations, violations of substantive due process under the Fifth Amendment, and

12  violations of the federal Trafficking Victims Protection Act.  Not all claims are pleaded in all cases.

13

3.      **Legal Issues**

14      Plaintiffs:  Legal issues to be addressed by Plaintiffs include: whether Defendants are liable

15  for any cause of action asserted against them, whether Defendants owed a duty of care to Plaintiffs,

16  whether Defendants breached a duty owed to Plaintiffs, whether Plaintiffs constitutional right to be

17  free from cruel and unusual punishment was violated, whether Defendants' conduct was a

18  substantial factor in causing harm to Plaintiffs, and whether any Plaintiffs are entitled to damages,

19  costs, attorneys' fees, and / expenses.

20      United States:  The United States anticipates that issues may arise as to whether some or all

21  of the alleged wrongful actions were committed by individuals whose conduct falls outside the

22  scope of their federal employment and are thus not actionable against the United States under the

23  FTCA.  The United States maintains that FCI-Dublin and the Federal Bureau of Prisons are not

24  proper parties to damages claims under the FTCA, and that Plaintiffs cannot seek punitive damages

25  or attorney's fees against it per federal statute.  The United States also may have full or partial

26  jurisdictional defenses in individual cases, including whether one or more of the exceptions to the

27  FTCA apply.

28      Individual Defendants:  Defendant Garcia contends he is not a property party, either because

a Bivens claim is subject to dismissal, or because he is not a proper defendant under any state law or FTCA claims.

**4.    Motions**

Plaintiffs:  Jaehyun Oh, Esq. anticipates filing for *Pro Hac Vice* with local counsel Rosen Bien Galvan & Grunfeld LLP.  She will be representing 36 claimants and will file suits for those claims very shortly.

Plaintiffs have filed numerous administrative motions to relate cases, which have all been granted.  All related cases are identified in **Exhibit A**, which was prepared by Plaintiffs' counsel.

United States:  Per the Court's guidance in the July 10, 2023 conference, the United States has not submitted any motions to dismiss.  The United States anticipates that it may need to file motions at an appropriate time in individual cases addressing whether specific alleged tortfeasors were acting within the scope of their federal employment and whether the claims fall outside of the limited waiver of sovereign immunity under the FTCA.

Defendant Garcia:  Defendant Garcia intends to file a motion to dismiss, because the complaint fails to state a claim for relief against him.

*CCWP v. BOP*:  The following motions have been filed in Case No 4:23-cv-04155:

- Motion for Preliminary Injunction, filed August 17, 2023. Hearing set for 1:00 pm on December 11, 2023.
- Motion to Certify Class, filed August 17, 2023.  Briefing schedule to be discussed at December 11, 2023 conference.

**5.    Amendment of Pleadings**

Except for *CCWP v. BOP* (4:23-cv-04155-YGR), Plaintiffs do not intend to amend the pleadings at this time. Plaintiffs in *CCWP v. BOP* (4:23-cv-04155-YGR) intend to file an amended complaint to add FTCA claims for the named individual Plaintiffs. They anticipate filing the amended complaint by the end of December 2023; however, the amendment will not impact the preliminary injunction or Class Certification motions that are pending in that case.

**6.    Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored

Information ("ESI Guidelines").

United States: The Office of the Inspector General (OIG) and other law enforcement offices have been investigating and continue to investigate matters at FCI-Dublin. The OIG may be able to release certain information pertaining to an individual who is a subject of investigation, but only after that individual has been sentenced, and after the OIG and any other interested law enforcement agencies have determined that release is appropriate. Even then, information pertaining to an individual may still need to be withheld or redacted to the extent that it is relevant to an ongoing investigation.

From the outset of this litigation and continuing after the July 10, 2023 conference, the United States has been working closely with the BOP to ensure that all relevant information in their possession is being collected and preserved. The United States notes, however, that significant information relevant to Plaintiffs' claims is being used for investigative purposes, and the BOP will not have access to those materials until they are released by the investigative agencies.

Defendant Garcia: Defendant Garcia does not believe he is in possession of any evidence related to this case, but he will preserve anything related to his prior employment in his possession, custody or control.

**7.    Disclosures**

The United States will make any disclosures required by the Federal Rules of Civil Procedure or the Court within the required timeframes. The United States notes, however, that the ongoing criminal investigation, criminal proceedings against Darrell Smith, and pending sentencing against Ross Klinger (set for 1/24/2024) and Nakie Nunley (set for 3/6/2024) could make it prohibitively difficult to obtain information for initial disclosures in cases alleging acts by individuals other than the prison officers and employees who have been sentenced in criminal proceedings (James Highhouse, Enrique Chavez, Ray Garcia, Andrew Jones, and John Bellhouse)—and even then, information pertaining to sentenced defendants could be limited if it is relevant to another ongoing investigation. Postponing initial disclosures until after a stay pending mediation (*see* Section B.16 below) would help to minimize these concerns.

Plaintiffs' counsel also will make any disclosures required by the Federal Rules of Civil

THE PRIDE
LAW FIRM

1  Procedure or the Court within the required timeframes.

2      Defendant Garcia will make any disclosures required by the Federal Rules of Civil

3  Procedure or the Court within the required timeframes.

4      **8.    Discovery**

5      No discovery has occurred.

6          a.   Written Discovery

7      Plaintiffs and the United States believe that master discovery requests, supplemented by

8  individual plaintiff-specific requests, will be the most efficient means of obtaining information in

9  these cases.  More specifically, Plaintiffs anticipate preparing master consolidated interrogatories

10  and requests for production that seek information applicable to all or nearly all cases, with the

11  ability to serve follow-up requests for production and up to 10 additional interrogatories that

12  cover plaintiff- or case-specific information.

13      The United States likewise intends to create master interrogatories and requests for

14  production to ensure that consistent information is produced by Plaintiffs across the cases.  The

15  United States anticipates follow-up interrogatories and requests for production based on the needs

16  of individual cases.

17      If the Court accepts the parties' request for a stay pending mediation in these cases,

18  Plaintiffs and the United States will negotiate the master discovery requests and interrogatories

19  after mediation in or around June 2024.

20      Defendant Garcia will propound written discovery and participate in taking depositions.

21      b. Site Inspection

22      Plaintiffs anticipate seeking a site inspection.

23      c.  Depositions

24      Plaintiffs anticipate taking numerous depositions of former FCI-Dublin officers and

25  employees, including Garcia and many of the individual defendants.  Plaintiffs may also take

26  depositions of federal governmental designees.  The parties note that information obtained in these

27  depositions may be limited by Fifth Amendment rights against self-incrimination.

28      At this time, the United States anticipates taking the depositions of the individual plaintiffs,

1    their treatment providers (if any), and potential witnesses that may have relevant information to

2    their claims (such as fellow inmates, family members, or friends).

3        Parties will coordinate depositions to avoid the same individual being subjected to multiple

4    depositions, and to avoid duplicative questioning during their depositions. For liability witnesses,

5    each witness will be deposed only once in any of the related matters. However, each liability

6    witness will be deposed for up to 16 hours, with the parties reserving the right to seek more time if

7    good cause exists.  Plaintiffs will allocate each of their respective times for deposition in advance

8    of the deposition to ensure compliance with the presumptive limits, provided that if a Plaintiff uses

9    less time than originally allocated, she may defer that time to other questioners.

10        For each incarcerated defendant, the parties will coordinate a location for the witness and

11    all attorneys who wish to be present, and they have considered the Ronald V. Dellums Federal

12    Building & United States Courthouse at 1301 Clay Street Oakland, CA 94612 as a possibility (with

13    the Court's consent). The United States has confirmed that the BOP and the United States Marshals

14    Service can assist in transporting the incarcerated deponents to and from the selected deposition

15    sites, so long as they have sufficient notice in advance (which the parties will coordinate).

16        For damages witnesses, the parties will depose whomever they choose for the benefit of

17    their case.  The time limit will be pursuant to Rule 30(d)(2).

18        d. Pre-Mediation Psychological Evaluations of Plaintiffs

19        In anticipation of an early mediation of this case (*see* Section C.12 below), plaintiffs wish

20    to retain medical experts to conduct pre-mediation psychological and/or psychiatric evaluations to

21    assess their individual damages and help value their cases for the mediation.  Generally, medical

22    experts prefer to conduct psychological testing in person.  As many Plaintiffs remain in the custody

23    of the BOP, Plaintiffs would respectfully request that the Court issue a blanket order requiring all

24    BOP facilities to permit these evaluations, subject to limitations described below and in the

25    proposed order.  In Plaintiffs' counsels' experience, BOP facilities generally require a court order

26    to permit medical experts entrance into their facilities.  In the interest of judicial economy, a blanket

27    order would be preferable to requiring each Plaintiff to file an individual motion seeking an order.

28        Thus, Plaintiffs request that the Court order the BOP to permit any retained medical expert

to enter the BOP facility (along with any of their required technological equipment, including computers, provided that the equipment complies with BOP and facility rules and regulations) and conduct evaluations with requested incarcerated Plaintiffs. These evaluations must be permitted to occur in private, contact visitation rooms. The experts would be permitted up to four hours in the aggregate to conduct the evaluations, with no one day exceeding three hours. Evaluations may exceed four hours in the aggregate for specific plaintiffs if the parties agree or if the Court orders it. It shall be the responsibility of each individual Plaintiff's counsel and/or expert to contact both the Assistant U.S. Attorney(s) assigned to the case and the BOP facility to coordinate these evaluations (including providing names of the retained experts in advance for BOP vetting), and all experts must follow all BOP rules, regulations, and protocols. For those medical experts who are unable to visit the facility in person due to travel or other issues, the Court's order should also require that the BOP confer with counsel for the incarcerated Plaintiff to provide alternative means of conducting the evaluation, based on the capabilities of the facility, BOP rules and regulations, and the needs of prison administration. These means could include videoconference technology or, if that is not available, other forms of telecommunications.

CCWP Plaintiffs do not agree to a 4 hour limit on mental health assessments, which may take 6-8 hours or as long as the expert deems necessary based on their expertise. CCWP Plaintiffs also do not understand what is meant by the reference to "in the aggregate" but to the extent that requires multiple potential experts to conduct one combined assessments CCWP Plaintiffs object to that limitation unless it is deemed clinically appropriate to combine the assessments in that way by the experts at issue. Additionally, CCWP Plaintiffs object to any separate mental health evaluation by the United States at this time of some or all incarcerated CCWP Plaintiffs and propose that any requests for such evaluations be handled individually, only where warranted, and with a process for ensuring the evaluation are performed in a manner that does not re-traumatize CCWP Plaintiffs or is done for a harassing purpose.

The United States will cooperate in facilitating the evaluations. However, it emphasizes, consistent with the proposed order, that any evaluation must be coordinated with BOP to ensure the least interference possible with prison administration, and that the evaluating professionals and

any assistants strictly comply with all BOP and facility rules, regulations, and protocols. The United States notes that while BOP will endeavor to provide videoconferencing for any remote examinations, certain facilities may not be able to support videoconference capability, and thus alternative means of evaluation will have to occur. The United States also cautions that BOP staff will not be able to proctor an assessment or assist an incarcerated Plaintiff with any assessments conducted through videoconference or other electronic or telephonic means.

The United States may retain its own mental health experts to separately conduct a pre-mediation evaluation of some or all incarcerated Plaintiffs. If it does so, it will notify the Plaintiff's counsel and will coordinate the visit with the BOP, strictly complying with all BOP and facility rules, regulations, and protocols.

The parties note that the foregoing and the proposed order applies only to pre-mediation evaluations. For cases that do not settle, the parties may seek further evaluation of incarcerated Plaintiffs, by the same or different professionals. The parties will endeavor to submit a joint proposed court order for those further evaluations or, if they cannot agree on a protocol, present the dispute to the Court in accordance with the Local Rules so that the Court can adjudicate the dispute.

The plaintiffs represented by Todd Burns from BURNS & COHAN, ATTORNEYS AT LAW do not agree to have Defendants perform any type of examination.

Expert Depositions:

For expert depositions (including any evaluations occurring after mediation, as discussed above), Parties will confer and set reasonable limits.

**9.     Class Actions**

*CCWP v. BOP* (4:23-cv-04155-YGR) is a class action for injunctive relief. No class-wide damages are sought in *CCWP v. BOP*. Individual damages are sought by the named plaintiffs in *CCWP v. BOP*. Other than *CCWP v. BOP,* the other related actions are not class actions.

**10.     Related Cases**

The Court found that the cases listed in Exhibit A are related.

**11.    Relief**

Plaintiffs' Statement

Plaintiffs seek nominal, compensatory and punitive damages, attorneys' fees and costs, and any other relief that the Court deems appropriate.

In addition to seeking damages for the named Plaintiffs, Plaintiffs in *CCWP v. BOP* (4:23-cv-04155-YGR) also seek permanent injunctive relief on behalf of the class of all persons incarcerated at FCI Dublin currently or in the future.  No class-wide damages are sought in *CCWP v. BOP*.

United States' Statement

The FTCA precludes recovery of punitive damages or attorney's fees against the United States, and it presumptively limits a Plaintiff's recovery to the amount of her administrative claim. The United States may seek dismissal of any claims against it to the extent that those claims arise out of actions falling outside the individual defendants' scope of employment, or fall outside of the limited waiver of sovereign immunity under the FTCA.

Defendant Garcia seeks dismissal and an award of attorney's fees and expenses if he is the prevailing party.

**12.    Settlement and ADR**

Plaintiffs and the United States would like the opportunity to mediate their cases before substantial discovery and motion practice occurs in this case.  Plaintiffs and the United States anticipate that this will involve mutual limited disclosure of information necessary for each side to properly value the cases, the specifics of which they will coordinate if the Court grants their request. Plaintiffs and the United States believe that they will have gathered and exchanged the necessary information and will be fully prepared to mediate the cases by July 2024.  The parties anticipate that mediation could take multiple days for larger plaintiff groups. The parties are agreeable to potentially using a private mediator, so long as they can reach agreement on the individual and cost-splitting.

Plaintiffs and the United States further request that the Court stay the cases pending mediation to ensure that their respective focus can be devoted entirely to settlement efforts, rather

than preparing potential motions to dismiss or scheduling depositions (which, for the reasons noted above, could have substantial logistical difficulties). Plaintiffs and the United States believe that this approach could substantially narrow the cases before the Court.

However, due to the distinct nature of the injunctive relief claims asserted in *CCWP v. BOP* (4:23-cv-04155-YGR), Plaintiffs believe there should be no stay of the injunctive relief portion of that case, although they do not object to the damages portion of the case being subject to the same case management schedule as all other cases. Plaintiffs further believe that class certification briefing should move forward in CCWP following the upcoming conference. The class certification motion is relevant only to the injunctive relief claims against the Federal Defendants, all of whom have been served. Although the United States agrees with Plaintiffs that class certification briefing may move forward after all defendants have been served, it disagrees that the injunctive portion of *CCWP* should be exempt from any stay because discovery relating to injunctive relief would implicate many of the same Fifth Amendment and investigative concerns as discovery relating to damages. Staying *CCWP* with the other cases also preserves the efficiencies involved in participating in global discovery, as further discussed below.

Defendant Garcia does not oppose the stay requested by the plaintiffs and the United States, so long as he retains his right to move to dismiss the various claims/actions in which he is named once any stay imposed is lifted.

### 13.    Other References

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

### 14.    Narrowing of Issues

Defendant Garcia believes the issues will be narrowed by considering his forthcoming dismissal motion at the earliest possible time.

### 15.    Expedited Trial Procedure

Plaintiffs and the United States are opposed to an expedited trial.

Defendant Garcia is also opposed to an expedited trial since this case is likely to be stayed and his motion to dismiss has been dismissed without prejudice and will have to be refiled.

**16.    Scheduling**

United States' Statement:

The United States believes that in light of the active criminal prosecutions and ongoing criminal investigations related to FCI-Dublin, a stay of all cases until the criminal investigations are closed is warranted and best serves the interest of justice.  Disclosure of information during ongoing criminal investigations could compromise the investigation.  In addition, the time for potential victims to file civil suits is still running and a stay pending completion of the criminal investigations would promote efficiency for the court and the parties as additional civil suits are still being filed.  And finally, staying the cases will make it more likely that the complete universe of cases can be identified before the parties begin litigating.

Having related civil cases proceed during active criminal prosecutions and during ongoing criminal investigations could cause substantial Fifth Amendment self-incrimination concerns for named defendants and other witnesses.  Further, even if information relating to specific alleged wrongdoers could be released once the criminal investigations of those individuals close, information relevant to ongoing criminal investigations must be withheld.  The responsibility and obligations of the government in criminal cases differ from the discovery rules that govern civil cases.

If the Court rejects the United States' request for a stay of all cases pending conclusion of the criminal investigations into FCI-Dublin, the United States and Plaintiffs have developed an agreed proposal, forged through months of discussions between working groups.

Plaintiffs' and United States' Joint Statement:

The following joint statement describes the agreed proposal between Plaintiffs and the United States (aside from Plaintiffs represented by Slater Slater Schulman, LLP, who offer a separate proposal below).  Except where explicitly stated, this statement represents the mutual agreement of Plaintiffs and the United States.

Plaintiffs agree with the United States that early mediation in this case should be pursued.  Thus, the parties respectfully request that the Court stay all cases pending mediation, which the parties intend to hold in or around July 2024.  The parties expect to mediate all cases, and believe

THE PRIDE
LAW FIRM

JOINT CASE MANAGEMENT STATEMENT
4:22-CV-05137-YGR and all Related Cases

that the mediation will take multiple days.  Parties will enter into a protective order and determine informal discovery to exchange before the mediation to allow proper valuation of each.

Plaintiffs state that due to the distinct nature of the injunctive relief claims asserted in *CCWP v. BOP* (4:23-cv-04155-YGR), there should be no stay of the injunctive relief portion of that case. The United States disagrees that the injunctive portion of *CCWP* should be exempt from the stay because discovery relating to injunctive relief would implicate many of the same Fifth Amendment and investigative concerns as discovery relating to damages.

Should the matters not settle at mediation, Plaintiffs and the United States propose that the cases be organized in the following categories.

**Category 1** – Cases where all individual defendants have been convicted and sentenced or found not guilty.  Discovery in these cases could proceed immediately, subject to understanding that information relevant to other ongoing investigations may not be immediately available.

Plaintiffs and Defendants differ on the proposed schedule for Category 1 cases.  Plaintiffs' proposed schedule:

| | |
|---|---|
| Deadline to file response to Complaint/Amended Complaint | September 9, 2024 |
| Motion to join parties/amend pleadings | September 9, 2024 |
| Completion of Fact Discovery: | February 10, 2025 |
| Initial Expert Designation: | March 22, 2025 |
| Rebuttal Expert Designation: | April 18, 2025 |
| Expert Reports: | April 18, 2025 |
| Supplemental/Rebuttal Expert Reports: | May 23, 2025 |
| Completion of Expert Discovery: | June 20, 2025 |
| Pretrial motion filing cutoff: | July 3, 2025 |
| Mandatory Settlement Conference (MSC): | July 18, 2025 |
| Pretrial Conference date: | August 15, 2025 |
| Trial date: | November 3, 2025 |

Defendants' proposed schedule:

| | |
|---|---|
| Deadline to file response to Complaint/Amended Complaint | September 1, 2024 |
| Motion to join parties/amend pleadings | September 9, 2024 |
| Completion of Fact Discovery: | February 10, 2025 |
| Initial Expert Report: | April 18, 2025 |
| Rebuttal Expert Report: | June 18, 2025 |
| Completion of Expert Discovery: | August 20, 2025 |
| Dispositive motions | September 26, 2025 |
| Response to dispositive motions | October 20, 2025 |
| Replies to dispositive motions | November 3, 2025 |
| Pretrial motion filing cutoff: | January 30, 2026 |
| Mandatory Settlement Conference (MSC): | December 2025 |
| Pretrial Conference date: | March 2026 |
| Trial date: | June 2026 |

RR vs USA 23-cv-05392-YGR requested for an opt out option after the mediation or have another status conference with the court after an initial mediation.

**Category 2** – Cases that contain at least one Defendant with pending criminal charges or who has been convicted but not yet been sentenced, and all other defendants (if any) have been sentenced. Category 2 cases would be stayed until sentencing is complete, with discovery proceeding after all Defendants have been sentenced. The "stays" in Category 2 cases (and Category 3 cases discussed below) would halt discovery of information specifically pertaining to a case's plaintiff, the alleged wrongdoers in the case's complaint, and the complaint allegations, but the stays would not preclude discovery relating to general matters. For example, disclosure of Prison Rape Elimination Act (PREA) instruction manuals or training materials would proceed because those materials are generally applicable across all cases. Similarly, Category 2 and 3 plaintiffs will still participate in depositions (including by asking questions if desired) of individuals

JOINT CASE MANAGEMENT STATEMENT
4:22-CV-05137-YGR and all Related Cases

testifying as to generally-applicable information (for example, government designees to testify regarding PREA enforcement, or a warden's testimony of reporting procedures at FCI-Dublin).

**Category 3** – All other cases. These are cases that involve at least one defendant who does not have pending criminal charges. If the United States can definitively confirm that a complaint does not include any individuals who are potential investigation targets, then the case can move to Category 1 or Category 2 as appropriate (though the United States does not anticipate this will often be the case). Plaintiffs and the United States disagree on how Category 3 cases should be handled, however.

Plaintiffs' proposal:

For those cases where criminal charges are not brought by September 9, 2024, these cases will be reassigned to Category 1 and use the same case schedule as outlined above for Category 1, unless the United States makes a showing of ongoing criminal investigation and the resulting need for discovery stay. To make this showing, within 30 days after the conclusion of aforementioned mediation, the United States, through the Assistant United States Attorney investigating the relevant defendants, will submit a status report regarding the status of investigation. This status report will be submitted ex parte and remain under seal with this Court for in camera review only. Only in cases where this Court determines based upon such submission that the Plaintiff's case must remain in Category 3, will the case remain in Category 3; otherwise, it shall be promptly reassigned to Category 1. For the cases that remain in Category 3, discovery will be stayed, subject to this Court's scheduling order based upon the initial status report. In order for the cases to remain in Category 3, the United States, through the Assistant United States Attorney investigating the relevant defendants, will submit a status report at least every six months.

United States' proposal:

Category 2 and 3 cases that move into Category 1 by September 9, 2024, will use the same case schedule as above. For Category 2 and 3 cases that move into Category 1 after September 9, 2024, the cases will remain stayed until there are several such cases. Those cases will then be grouped, the parties will propose a case schedule to the Court governing them, and the Court will enter a case schedule for that group of cases.

The United States maintains that Plaintiffs' proposal that Category 3 cases should become Category 1 in September 2024 unless the United States "makes a showing of ongoing criminal investigation and the resulting need for discovery stay" is not workable and would improperly interfere with the confidentiality of the criminal investigation process. Even if the criminal Assistant U.S. Attorney is able to make an ex parte report to the Court, the result of that report—i.e., the case remains stayed or is moved into Category 1—would publicly disclose information relating to the investigation that otherwise would not be publicly disclosed: if the case remains in Category 3, then the defendant is a target of an investigation; if the case moves to Category 1, then the defendant is not a target of an investigation. The premature public disclosures resulting from Plaintiffs' proposal could compromise ongoing investigations and violate confidentiality requirements and privileges of the Executive branch's deliberations.

The United States also contends that Slater Slater Schulman's proposal (described below) to dispense with the categorization system altogether is unworkable. In granting two previous stays of some of the earlier-filed cases, the Court has recognized that a civil case proceeding against a defendant under criminal investigation, under indictment, or awaiting sentencing not only poses significant Fifth Amendment concerns, but it could potentially compromise the investigation and the safety of witnesses. Those same concerns still apply. And as a practical matter, cases that would otherwise be Category 3 will still require numerous discovery extensions because substantial discoverable information will simply not be available to the BOP or the civil Assistant U.S. Attorneys representing the United States while the investigation is ongoing—which essentially will result in the same multi-level case scheduling structure that is contemplated by the Category system.

Separate proposal by Slater Slater Schulman LLP Plaintiffs:

All the plaintiffs represented by Slater Slater Schulman LLP ("SSS Plaintiffs") and the CCWP Plaintiffs do not agree to proceed with the categories listed above, which separate the matters on an arbitrary basis. SSS Plaintiffs and the CCWP Plaintiffs believe that there is no need to categorize the cases at this time as the cases will be stayed for at least six months either way. Additionally, the categories as constructed restrict SSS Plaintiffs and the CCWP Plaintiffs from

JOINT CASE MANAGEMENT STATEMENT
4:22-CV-05137-YGR and all Related Cases

proceeding with their cases as needed/desired. If a plaintiff needs additional time from the court to obtain discovery related to a criminal investigation, that plaintiff can bring that issue to the court's attention without forcing other plaintiffs to be held in a holding pattern for an indefinite period. SSS Plaintiffs and the CCWP Plaintiffs propose that a hearing after the stay should be the appropriate time to determine specifics for litigation given the length of the proposed stay to facilitate mediation.

**17.    Trial**

As to the individual defendants, these cases are expected to be a jury trial. As to claims against the United States, the claims "shall" be tried by the Court without a jury. *See* 28 U.S.C. § 2402. Parties anticipate that plaintiffs will select a bellwether case for trial, which could last up to 14 days. If parties are unable to resolve the remaining cases after the bellwether trial, the other cases will be set for trial.

Plaintiffs in *CCWP v. BOP* (4:23-cv-04155-YGR) anticipate that trial could last up to 10 days, with 5 days for the presentation of Plaintiffs' case and 5 days for the presentation of Defendants' case.

**18.    Disclosure of Non-Party Interested Entities or Persons**

Unknown at this time.

**19.    Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Other**

The parties are not presently aware of other matters that should be brought to the attention of the Court.

Respectfully Submitted,

Dated: December 4, 2023          **THE PRIDE LAW FIRM**


/s/    Jessica K. Pride
Jessica K. Pride
*Counsel for Plaintiffs*
*Authorized Plaintiffs' liaison counsel for Plaintiffs*
*for purposes of case management conference*

Dated: December 4, 2023          **PHILLIP A. TALBERT**
                                 **United States Attorney**


/s/    Brodie Butland
BRODIE BUTLAND
Assistant United States Attorney

*Counsel for the United States of America*

*Liaison counsel for U.S. Attorney's Offices*
*         representing the United States*
*of America for purposes of case management*
*         conference*

Acting under authority conferred by 28 U.S.C. §515

Dated: December 4, 2023          **LAW OFFICE OF ALANA MCMAINS**

/s/    Alana L. McMains
Alana L. McMains
Attorney for Plaintiff

Dated: December 4, 2023          **WALKUP, MELODIA, KELLY &**
                                 **SCHOENBERGER**


/s/ Matthew D. Davis
MATTHEW D. DAVIS
ASHCON MINOIEFAR
Attorneys for PLAINTIFF
ANDREA REYES

Dated: December 4, 2023                    **THE JACOB D. FUCHSBERG LAW FIRM, LLP**

/s/      Jaehyun Oh_____
JAEHYUN OH*
NY Bar No. 5668512
* *Pro hac vice* application to be submitted in
connection with prospective lawsuits for 36 related
claimants

Dated: December 4, 2023                    **Rosen Bien Galvan & Grunfeld LLP**

/s/___Kara Janssen_____
Kara Janssen
Counsel for Plaintiffs in *CCWP v. BOP*

Dated: December 4, 2023                    **THE WAGNER LAW GROUP**

/s/___Butch Wagner_____
Nicholas J.P. Wagner
Attorney for Plaintiffs Linda Chaney, Marie
Washington, Pearl Garcia; and Geraldine Hill,
Nichole Robinson and Charollette Alarcon

Dated: December 4, 2023                    **Iredale and Yoo, APC**

/s/___Eugene Iredale_____
Eugene Iredale

Dated: December 4, 2023                     **Personal Injury Attorneys of Alaska**

/s/___Charles Coe_____
Charles Coe

- 20 -
JOINT CASE MANAGEMENT STATEMENT
4:22-CV-05137-YGR and all Related Cases

1

**CASE MANAGEMENT ORDER**

2   The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

3   as the Case Management Order for this case and all parties shall comply with its provisions. [In

4   addition, the Court makes the further orders stated below:]

5

6

7

8

9

10   IT IS SO ORDERED.

11

12   Dated: _____

13   HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28