PHILLIP A. TALBERT
United States Attorney
BRODIE M. BUTLAND
PHILIP A. SCARBOROUGH
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant
United States of America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R.,<br><br>  Plaintiff,<br><br>v.<br><br>FEDERAL CORRECTIONAL INSTITUTION ("FCI") DUBLIN; ROSS KLINGER; RAY J. GARCIA; and UNITED STATES OF AMERICA, a governmental entity,<br><br>  Defendants. | CASE NO. 4:22-cv-05137-YGR<br><br>*Related To*:<br><br>23-cv-02342-YGR<br>23-cv-03475-YGR<br>23-cv-03558-YGR<br>23-cv-02206-YGR<br>23-cv-04698-YGR<br>23-cv-02201-YGR<br>23-cv-03562-YGR<br>23-cv-03700-YGR<br>23-cv-05356-YGR<br>23-cv-02668-YGR<br>23-cv-03538-YGR<br>22-cv-08924-YGR<br>23-cv-02135-YGR<br>23-cv-02405-YGR<br>23-cv-04155-YGR<br>23-cv-03716-YGR<br>23-cv-03994-YGR<br>22-cv-07704-YGR<br>23-cv-03997-YGR<br>23-cv-03641-YGR<br>23-cv-04437-YGR<br>23-cv-04434-YGR |

UNITED STATES' PROPOSED ORDER REGARDING PSYCHOLOGICAL EVALUATIONS

|   |   |
|---|---|
| 1 | 23-cv-05339-YGR |
| 2 | 23-cv-03390-YGR |
| 3 | 23-cv-04317-YGR |
|   | 23-cv-04283-YGR |
| 4 | 23-cv-04435-YGR |
|   | 23-cv-04361-YGR |
| 5 | 23-cv-04436-YGR |
| 6 | 23-cv-04321-YGR |
|   | 23-cv-03827-YGR |
| 7 | 23-cv-04691-YGR |
| 8 | 23-cv-02986-YGR |
|   | 23-cv-05392-YGR |
| 9 | 23-cv-04611-YGR |
| 10 | 23-cv-05294-YGR |
|   | 23-cv-05821-YGR |
| 11 | 22-cv-09096-YGR |
| 12 | 23-cv-06150-JSW |
|   | 23-cv-05374-RFL |
| 13 | 23-cv-05343-YGR |
| 14 | 23-cv-05623-YGR |
|   | 23-cv-06146-YGR |
| 15 | 23-cv-06285-YGR |
| 16 | 23-cv-06330-YGR |

UNITED STATES' [PROPOSED] ORDER REGARDING PSYCHOLOGICAL EVALUATIONS OF PLAINTIFFS

Pursuant to the Court's order following the December 11, 2023, case management conference, the United States respectfully submits a proposed order permitting experts to conduct psychological evaluations of plaintiffs currently held in the custody of the Bureau of Prisons to assist in the parties' settlement efforts. The United States' proposed order is attached as Exhibit A. The United States objects to plaintiffs' proposed order (Dkt. 122) and will be prepared to address these issues at the hearing on December 18, 2023.

After the December 11 conference, Brodie Butland, who has been acting as liaison counsel for the United States Attorney's Offices, engaged in extensive meet and confer efforts with Jessica Pride, who has been acting as plaintiffs' liaison counsel. In the afternoon on December 15, 2023, the day the proposed order was due to be filed, Ms. Pride informed Mr. Butland that plaintiffs are taking the position that, if the United States conducts a psychological evaluation of a plaintiff in connection with the anticipated mediation process, that examination should be the only one the United States is permitted to conduct in the entire litigation. Plaintiffs filed a proposed order shortly thereafter, which proposes language to implement those restrictions on the United States. *See* Dkt. 122 at 3 (¶ 1). Plaintiffs' proposed approach does not place any similar limitation on their own evaluations of plaintiffs, but instead explicitly permits them to conduct a separate examination for litigation purposes if a case does not settle. *See id.* at 4 (¶ 7).

The United States objects that plaintiffs' proposal is inconsistent with their previous position in the joint case management statement (Dkt. 110), is inconsistent with the Court's discussion of the issue at the December 11 conference and its stay of discovery in favor of pursuing settlement efforts, and would severely prejudice the United States. The joint case management statement explicitly stated that plaintiffs requested psychological evaluations in connection with an anticipated early mediation, not as a substitute for expert discovery. *See* Dkt. 111 at 8 ("In anticipation of an early mediation of this case . . . , plaintiffs wish to retain medical experts to conduct pre-mediation psychological and/or psychiatric evaluations to assess their individual damages and help value their cases for the mediation."). In the joint case management statement, the United States took the position that it should also be permitted pre-mediation evaluations, to which some plaintiffs' counsel objected. *See* Dkt. 111 at 8-10. The joint case management statement further stated that "[t]he parties note that the foregoing and the proposed order applies only to pre-mediation evaluations. *For cases that do not settle, the parties*

*may seek further evaluation of incarcerated Plaintiffs, by the same or different professionals. The parties will endeavor to submit a joint proposed court order for those further evaluations . . . ."* *Id.* at 10 (emphasis added).

When Court addressed the issue at the case management conference on December 11, the Court clearly stated that if plaintiffs were permitted to conduct such evaluations, the United States would also be permitted to conduct them and overruled any objections to the contrary. Plaintiffs' proposal, however, would essentially force the United States to conduct its psychological expert discovery for all purposes now, notwithstanding that the parties have not engaged in any fact discovery and notwithstanding that the Court has stayed all discovery in favor of pre-discovery settlement efforts. Plaintiffs' proposal would prejudice the United States by requiring it to choose between attending mediation without its own evaluation of plaintiff or conducting a full, litigation-oriented psychological examination now, without the benefit of having completed fact discovery and without the ability to offer a new examination after fact discovery occurs.

For these reasons, the United States respectfully requests that the Court adopt the United States' proposed order, which comports with the purpose of the psychological examinations to assist in settlement efforts, without prejudice to either party conducting another examination during discovery if a case fails to settle and proceeds to litigation.

Dated: December 15, 2023

PHILLIP A. TALBERT
United States Attorney

By: */s/ Philip A. Scarborough*
BRODIE M. BUTLAND
PHILIP A. SCARBOROUGH
Assistant United States Attorneys

Attorneys for the United States
Acting under authority conferred by 28 U.S.C. § 515

UNITED STATES' PROPOSED ORDER REGARDING PSYCHOLOGICAL EVALUATIONS