# EXHIBIT A

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R., | CASE NO. 4:22-cv-05137-YGR |
| Plaintiff, | RELATED TO: |
| | 23-cv-02342-YGR |
| v. | 23-cv-03475-YGR |
| | 23-cv-03558-YGR |
| THE UNITED STATES BUREAU | 23-cv-02206-YGR |
| OF PRISONS, ET AL., | 23-cv-04698-YGR |
| | 23-cv-02201-YGR |
| Defendants. | 23-cv-03562-YGR |
| | 23-cv-03700-YGR |
| | 23-cv-05356-YGR |
| | 23-cv-02668-YGR |
| | 23-cv-03538-YGR |
| | 22-cv-08924-YGR |
| | 23-cv-02135-YGR |
| | 23-cv-02405-YGR |
| | 23-cv-04155-YGR |
| | 23-cv-03716-YGR |
| | 23-cv-03994-YGR |
| | 22-cv-07704-YGR |
| | 23-cv-03997-YGR |
| | 23-cv-03641-YGR |
| | 23-cv-04437-YGR |
| | 23-cv-04434-YGR |
| | 23-cv-05339-YGR |
| | 23-cv-03390-YGR |
| | 23-cv-04317-YGR |
| | 23-cv-04283-YGR |
| | 23-cv-04435-YGR |
| | 23-cv-04361-YGR |
| | 23-cv-04436-YGR |
| | 23-cv-04321-YGR |
| | 23-cv-03827-YGR |
| | 23-cv-04691-YGR |
| | 23-cv-02986-YGR |
| | 23-cv-05392-YGR |

- 1 -
**UNITED STATES' [PROPOSED] ORDER PERMITTING PSYCHOLOGICAL EVALUATIONS**

1
2
3
4
5
6
7
8
9
10
11
12

23-cv-04611-YGR
23-cv-05294-YGR
23-cv-05821-YGR
22-cv-09096-YGR
23-cv-06150-JSW
23-cv-05374-RFL
23-cv-05343-YGR
23-cv-05623-YGR
23-cv-06146-YGR
23-cv-06285-YGR
23-cv-06330-YGR

**UNITED STATES' [PROPOSED]
ORDER PERMITTING EXPERTS TO
ENTER BOP FACILITIES TO
CONDUCT EVALUATIONS OF
PLAINTIFFS**

13    **THIS COURT HEREBY ORDERS** that in anticipation of mediating the
14    foregoing cases, all Bureau of Prisons ("BOP") facilities that have custody of any of
15    the Plaintiffs in the above-captioned case shall permit retained medical experts to
16    enter the facility to conduct a psychological, psychiatric, or other mental health
17    evaluation of those Plaintiffs, subject to the following provisions:

18    1.    If Plaintiff wishes to conduct the evaluation, the Plaintiff's counsel must
19    contact both the Assistant U.S. Attorney(s) assigned to that Plaintiff's case and the
20    BOP facility at which the Plaintiff is housed to coordinate the evaluations, which
21    shall include providing the names and credentials of the retained experts in advance
22    for BOP vetting for security purposes only.  If a Defendant wishes to conduct the
23    evaluation, Defendant's counsel must contact both the Plaintiff's counsel and the
24    BOP facility at which the Plaintiff is housed to coordinate the evaluations, which
25    shall include providing the names and credentials of the retained experts in advance
26    for BOP vetting for security purposes only. Absent receiving leave of Court,
27    Defendant shall not conduct the evaluation of Plaintiff unless the Plaintiff was
28    already evaluated by Plaintiff's retained experts pursuant to this Order.

2.      Evaluations for any individual Plaintiff shall be a maximum of 8 hours total for each side.  A party must seek the Court's leave to conduct an evaluation that exceeds a total of 8 hours, which will not be granted absent a showing that the additional time is required to properly conduct the evaluation.  Evaluations shall have a four hour a day limit.  The second day, if needed, will take place as close in time as possible to the first day.

3.      For in-person evaluations, the BOP shall provide a private confidential room for the evaluation.

4.      For evaluations that will not be conducted in-person, the requesting party shall confer with the BOP to determine an alternative means of conducting the evaluation based on the capabilities of the facility, BOP rules and regulations, and the need for prison administration.  These means could include videoconference technology or, if that is not available or not feasible, other forms of telecommunications.  The BOP shall not be required to proctor or otherwise assist in any evaluation, whether in-person or remote.

5.      All experts and counsel must follow all BOP rules, regulations, and protocols for the evaluations.

6.      All evaluations, reports, or documents created pursuant to this Order shall be given an Attorney's Eyes Only (AEO) designation, and may only be viewed by the following until any AEO designation is removed by order of the Court: (1) the Plaintiff to whom the evaluations, reports, or documents pertain; (2) attorneys, paralegals, and/or legal staff representing the Plaintiffs; (3) attorneys, paralegals, and/or legal staff of the United States Attorney's Offices representing the United States in this litigation; (4) attorneys, paralegals, and/or legal staff of the Department of Justice Torts Branch; (5) regional counsel, and their paralegals and/or legal staff, for the Federal Bureau of Prisons; (6) national counsel, and their paralegals and/or legal staff, for the Federal Bureau of Prisons; (7) mediators retained by the parties and the mediators' support staff; or (8) court personnel.

1        7.    All evaluations are subject to the mediation privilege and conducted

2    for that purpose.  A party can chose to use their evaluation for cases that ultimately

3    go to litigation, but otherwise does not bind the parties to the opinions nor can they

4    be used for any other purpose unless the party who commissioned the evaluation

5    agrees.

6        **IT IS SO ORDERED.**

7

8    Dated: _____   _____

9        HONORABLE YVONNE GONZALEZ ROGERS
    United States District Court Judge

UNITED STATES' [PROPOSED] ORDER PERMITTING PSYCHOLOGICAL EVALUATIONS