PHILLIP A. TALBERT
United States Attorney
VICTORIA L. BOESCH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL CORRECTIONAL INSTITUTION "FCI" DUBLIN; ROSS KLINGER; RAY J. GARCIA; UNITED STATES OF AMERICA <br><br> Defendants. | Case No. 4:22-CV-05137-YGR <br><br> RELATED TO: <br> 23-cv-02342-YGR <br> 23-cv-03475-YGR <br> 23-cv-03558-YGR <br> 23-cv-02206-YGR <br> 23-cv-04698-YGR <br> 23-cv-02201-YGR <br> 23-cv-03562-YGR <br> 23-cv-03700-YGR <br> 23-cv-05356-YGR <br> 23-cv-02668-YGR <br> 23-cv-03538-YGR <br> 22-cv-08924-YGR <br> 23-cv-02135-YGR <br> 23-cv-02405-YGR <br> 23-cv-04155-YGR <br> 23-cv-03716-YGR <br> 23-cv-03994-YGR <br> 22-cv-07704-YGR <br> 23-cv-03997-YGR <br> 23-cv-03641-YGR <br> 23-cv-04437-YGR <br> 23-cv-04434-YGR <br> 23-cv-05339-YGR <br> 23-cv-03390-YGR <br> 23-cv-04317-YGR <br> 23-cv-04283-YGR <br> 23-cv-04435-YGR <br> 23-cv-04361-YGR <br> 23-cv-04436-YGR <br> 23-cv-04321-YGR <br> 23-cv-03827-YGR <br> 23-cv-04691-YGR <br> 23-cv-02986-YGR <br> 23-cv-05392-YGR |

UNITED STATES' RESPONSE TO OBJECTIONS TO JOINT PROPOSED ORDER

1

|  |  |
|---|---|
| ) 23-cv-04611-YGR | |
| ) 23-cv-05294-YGR | |
| ) 23-cv-05821-YGR | |
| ) 22-cv-09096-YGR | |
| ) 23-cv-06150-JSW | |
| ) 23-cv-05374-RFL | |
| ) 23-cv-05343-YGR | |
| ) 23-cv-05623-YGR | |
| ) 23-cv-06146-YGR | |
| ) 23-cv-06285-YGR | |
| ) 23-cv-06330-YGR | |
| ) 23-cv-06517-YGR | |
| ) 24-cv-00602-YGR | |
| ) | |
| ) **UNITED STATES' RESPONSE TO OBJECTIONS TO JOINT PROPOSED ORDER** | |

# INTRODUCTION

In accordance with this Court's order (Dkt. 151), the United States respectfully submits this response to objections (Dkt. 148, 149, 150) to the Proposed Order Permitting Experts to Enter BOP Facilities to Conduct Evaluations of Plaintiffs. That proposed order was filed by the United States and Plaintiffs' counsel The Pride Law Firm, the Law Office of Alana McMains, and The Jacob Fuchsberg Law Firm.[1] Dkt. 144. Because the Court has already ruled that pre-mediation psychological or psychiatric examinations of incarcerated Plaintiffs will be reciprocal (*i.e.* if Plaintiff elects to conduct such an examination then the United States may do so), the Court should enter the Joint Proposed Order offered by the United States and three law firms for Plaintiffs.

# BACKGROUND

In the Joint Case Management Statement preceding the December 11, 2023 Case Management Conference, Plaintiffs told the Court that "plaintiffs wish to retain medical experts to conduct pre-mediation psychological and/or psychiatric evaluations to assess their individual damages and help value their cases for mediation." Dkt. 111 at 8. Plaintiffs went on to request that the Court issue a blanket order permitting those evaluations (subject to certain limitations) for Plaintiffs remaining in BOP custody. *Id.* The United States noted that it might also retain mental health experts to conduct pre-mediation evaluations of some or all incarcerated Plaintiffs. *Id.* at 10. Counsel for Individual Defendants did not contribute to or sign the Joint Case Management Conference Statement. *See* Dkt. 111 at 19-20.

Plaintiffs in the *California Coalition for Women Prisoners*[2] case objected to any pre-mediation psychological evaluation by the United States, proposing that any requests for such evaluations be handled on an individual basis. *Id.* at 9. Three Plaintiffs represented by Burns and Cohan[3] also objected

---

[1] *See* Dkt. 152 at 3-5 (listing cases for which these firms are Plaintiffs' counsel).

[2] Case No. 23-cv-04155

[3] *See* Dkt. 152 at 4-5 (listing three cases for which Burns and Cohan is Plaintiffs' counsel).

to Defendants performing any type of examination. *Id.* at 10.

Following the December 11 Case Management Conference, the Court issued a Case Management and Pretrial Order, which stayed all related cases for individual damages until July 19, 2024. Dkt. 120 at 2. The order also stated: "Plaintiffs' request for psychological evaluations is **GRANTED**. The parties should file a proposed blanket order requiring all BOP facilities to permit these evaluations for up to eight hours. If any person requires a longer evaluation, they will need to file a request with the Court. *These evaluations will be reciprocal—should defendants choose to conduct their own psychological evaluations of plaintiffs, they will be permitted to do so.*" *Id.* at 2-3 (italics added).

In response to the Court's order, Plaintiffs filed a proposed order providing for reciprocal pre-mediation psychological evaluations of up to eight hours. Dkt. 122 at 2-3. That proposed order provided that all evaluations would be subject to the mediation privilege, but it then gave only Plaintiffs the option to use or not to use the pre-mediation evaluation later in the litigation. *Id.* at 4.

The United States also filed a proposed order providing for reciprocal pre-mediation psychological evaluations of up to eight hours. Dkt. 123-1. That proposed order provided that these pre-mediation evaluations would be subject to the mediation privilege and that none could be used for any other purpose unless the party who commissioned the evaluation agreed. Dkt. 123-1 at 5. The United States objected to Plaintiffs proposed order to the degree it sought to restrict the United States in future discovery later in the litigation while placing no such restrictions on Plaintiffs. Dkt. 123 at 3.

Burns and Cohan, speaking for its three Plaintiffs, objected to the United States' proposed order, arguing that the United States should not be permitted to do pre-mediation examinations at all. Dkt. 124.

The Court referred the dispute regarding the proposed order to Magistrate Judge Tse. Dkt. 126.

## THE JOINT PROPOSED ORDER

After extensive meet-and-confer efforts, the United States and Plaintiffs represented by The Pride Law Firm, the Law Office of Alana McMains, and The Jacob Fuchsberg Law Firm agreed upon and filed a revised proposed order (the "Joint Proposed Order"). Dkt. 144. The Joint Proposed Order provides for reciprocal pre-mediation psychological evaluations of incarcerated Plaintiffs for up to eight

hours. *Id.* at 2-3. It also provides that these pre-mediation evaluations would be subject to the mediation privilege and that none could be used for any other purpose unless the party who commissioned the evaluation agreed. *Id.* at 3-4. And it makes clear that the United States may only conduct such an evaluation if the incarcerated Plaintiff's expert conducts one. *Id.* at 2.

Attorneys for the Plaintiffs in *California Coalition for Women Prisoners v. United States*, as well as Plaintiffs represented by Burns and Cohan and Siegel, Yee, Brunner & Mehta, object that the Joint Proposed Order would impose discovery obligations on Plaintiffs having "nothing to do with the proper scope of an order to ensure that counsel and their consultants have access to their incarcerated clients." Dkt. 148 at 2-3; *see also* Dkt. 150 (correcting caption page only). The objecting Plaintiffs further assert that the "proper scope of such an order is merely to ensure that correctional authorities allow counsel and their consultants to enter a visiting area of the facility, and meet with their incarcerated clients. Nothing more or less than that is required." *Id.* at 3. And they raise other arguments related to Federal Rule of Civil Procedure 35, which covers examinations during discovery and so does not apply here, where discovery is stayed.

But the objecting Plaintiffs ignore the Court's prior order. In granting Plaintiffs' request for pre-mediation evaluations, the Court already ruled – over previous objections – that such examinations would be reciprocal. Dkt. 120 at 2-3. The objecting Plaintiffs also fail to acknowledge that if a Plaintiff decides not to conduct her own pre-mediation evaluation, the United States cannot conduct one. That prevents reluctant Plaintiffs from being subjected to unwanted psychological examinations. The objecting Plaintiffs simply disagree with the Court's previous order overruling their previous objections. As the Court has already ruled on this issue, the Joint Proposed Order should be entered.

Counsel for co-defendants Sergio Saucedo[4], Patrick Pool[5], and Issac Venegas[6] also filed an objection to the Joint Proposed Order. Dkt. 149. That objection appears to be arguing that the Individual Defendants should also be permitted to retain expert evaluators to do pre-mediation examinations and should be given access to mediation-privileged material from other parties' examinations. Dkt. 149 at 1. The United States respectfully submits that this would be both unnecessary and improper. The Individual Defendants are not part of the mediation between the United States and Plaintiffs, and the examinations are for purposes of that mediation.

## CONCLUSION

For the foregoing reasons, the Court should enter the Joint Proposed Order (Dkt. 144).

Respectfully Submitted,

Dated: March 4, 2024

PHILLIP A. TALBERT
United States Attorney

By: */s/ Victoria L. Boesch*
VICTORIA L. BOESCH
Assistant United States Attorney

*Counsel for the United States of America*

**Acting under authority conferred by 28 U.S.C. § 515**

---

[4] Sergio Saucedo is a co-defendant in five cases: *T.C. v. United States*, 23-cv-6330; *L.A. v. United States*, 23-cv-3475; *C. v. United States*, 23-cv-2206; *Y.S. v. United States*, 23-cv-3538; and *L.C. v. United States*, 23-cv-3558.

[5] Patrick Pool is a co-defendant in two cases: *J.S. v. Hinkle*, 24-cv-602; *T. v. United States*, 23-cv-5343; and *California Coalition for Women Prisoners v. United States*, 23-cv-04155.

[6] Issac Venegas is a co-defendant in one case: *J.A. v. United States*, 23-cv-2342.