PHILLIP A. TALBERT
United States Attorney
VICTORIA L. BOESCH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R. | Case No. 4:22-CV-05137-YGR |
| | |
| Plaintiff, | RELATED TO: |
| | 23-cv-02342-YGR |
| v. | 23-cv-03475-YGR |
| | 23-cv-03558-YGR |
| FEDERAL CORRECTIONAL INSTITUTION | 23-cv-02206-YGR |
| "FCI" DUBLIN; ROSS KLINGER; RAY J. | 23-cv-04698-YGR |
| GARCIA; UNITED STATES OF AMERICA | 23-cv-02201-YGR |
| | 23-cv-03562-YGR |
| Defendants. | 23-cv-03700-YGR |
| | 23-cv-05356-YGR |
| | 23-cv-02668-YGR |
| | 23-cv-03538-YGR |
| | 22-cv-08924-YGR |
| | 23-cv-02135-YGR |
| | 23-cv-02405-YGR |
| | 23-cv-04155-YGR |
| | 23-cv-03716-YGR |
| | 23-cv-03994-YGR |
| | 22-cv-07704-YGR |
| | 23-cv-03997-YGR |
| | 23-cv-03641-YGR |
| | 23-cv-04437-YGR |
| | 23-cv-04434-YGR |
| | 23-cv-05339-YGR |
| | 23-cv-03390-YGR |
| | 23-cv-04317-YGR |
| | 23-cv-04283-YGR |
| | 23-cv-04435-YGR |
| | 23-cv-04361-YGR |
| | 23-cv-04436-YGR |
| | 23-cv-04321-YGR |
| | 23-cv-03827-YGR |
| | 23-cv-04691-YGR |
| | 23-cv-02986-YGR |
| | 23-cv-05392-YGR |

[PROPOSED] ORDER PERMITTING EXPERTS TO ENTER
BOP FACILITIES TO CONDUCT EVALUATIONS OF PLAINTIFFS

) 23-cv-04611-YGR
) 23-cv-05294-YGR
) 23-cv-05821-YGR
) 22-cv-09096-YGR
) ~~23-cv-06150-JSW~~
) ~~23-cv-05374-RFL~~
) 23-cv-05343-YGR
) 23-cv-05623-YGR
) 23-cv-06146-YGR   23-cv-06517-YGR
) 23-cv-06285-YGR
) 23-cv-06330-YGR   23-cv-00602-YGR
)
) **[PROPOSED] ORDER**
) **PERMITTING EXPERTS TO ENTER BOP**
) **FACILITIES TO CONDUCT EVALUATIONS**
) **OF PLAINTIFFS**
) AS MODIFIED BY THE COURT

THIS COURT HEREBY ORDERS that in anticipation of mediating the foregoing cases, all Bureau of Prisons ("BOP") facilities that have custody of any of the Plaintiffs in the above-captioned case shall permit retained medical experts to enter the facility to conduct a psychological, psychiatric, or other mental health evaluation of those Plaintiffs, subject to the following provisions:

1.      If Plaintiff wishes to conduct the evaluation, the Plaintiff's counsel must contact both the Assistant U.S. Attorney(s) assigned to that Plaintiff's case and the BOP facility at which the Plaintiff is housed to coordinate the evaluations, which shall include providing the names and credentials of the retained experts in advance for BOP vetting for security purposes only. If Defendant United States ("Defendant") wishes to conduct the evaluation, Defendant's counsel must contact both the Plaintiff's counsel and the BOP facility at which the Plaintiff is housed to coordinate the evaluations, which shall include providing the names and credentials of the retained experts in advance for BOP vetting for security purposes only. Absent receiving leave of Court, Defendant shall not conduct the evaluation of Plaintiff unless the Plaintiff was already evaluated by Plaintiff's retained expert pursuant to this Order. Nothing in this Order shall be read to permit Defendant to perform a psychological examination of a Plaintiff later in the litigation when the discovery stay is lifted unless and until the requirements of Federal Rule of Civil Procedure 35 are met.  Nothing in this Order shall be read to excuse the Parties from entering into a stipulation defining the scope of Defendant's proposed examination. Nothing in this Order shall be read to prohibit Plaintiff from seeking Court intervention to limit the scope of Defendant's proposed examination if the Parties cannot reach a stipulation. If Defendant evaluates a

Plaintiff subject to this Order, and litigation ensues, the Defendant cannot conduct further examination of that Plaintiff without leave of the Court or a stipulation from Plaintiff's counsel.

2.      Evaluations for any individual Plaintiff shall be a maximum of 8 hours total for each side. A party must seek the Court's leave to conduct an evaluation that exceeds a total of 8 hours, which will not be granted absent a showing that the additional time is required to properly conduct the evaluation. Evaluations shall have a four hour a day limit. The second day, if needed, will take place as close in time as possible to the first day.

3.       For in-person evaluations, the BOP shall provide a private confidential room for the evaluation.

4.      For evaluations that will not be conducted in-person, the requesting party shall confer with the BOP to determine an alternative means of conducting the evaluation based on the capabilities of the facility, BOP rules and regulations, and the need for prison administration. These means will include videoconference technology or, if that is not available or not feasible, other forms of telecommunications. The BOP shall not be required to proctor or otherwise assist in any evaluation, whether in-person or remote.

5.      All experts and counsel must follow all BOP rules, regulations, and protocols for the evaluations.

6.      All evaluations, reports, or documents created pursuant to this Order shall be given an Attorney's Eyes Only (AEO) designation, and may only be viewed by the following until any AEO designation is removed by order of the Court: (1) the Plaintiff to whom the evaluations, reports, or documents pertain; (2) attorneys, paralegals, and/or legal staff representing the Plaintiffs; (3) attorneys, paralegals, and/or legal staff of the United States Attorney's Offices representing the United States in this litigation; (4) attorneys, paralegals, and/or legal staff of the Department of Justice Torts Branch; (5) regional counsel, and their paralegals and/or legal staff, for the Federal Bureau of Prisons; (6) national counsel, and their paralegals and/or legal staff, for the Federal Bureau of Prisons; (7) mediators retained by the parties and the mediators' support staff; or (8) court personnel.

7.      All evaluations are subject to the mediation privilege and conducted for that purpose.  A Party can choose to use an evaluation commissioned by that Party for cases that ultimately go to

litigation, but an evaluation under this Order otherwise does not bind a Party to the opinions. Opinions expressed in the pre-mediation evaluations under this order cannot be used for any other purpose than mediation unless the party who commissioned the evaluation agrees.

Respectfully Submitted,

Dated: February 8, 2024                    THE PRIDE LAW FIRM

*/s/ Jessica K. Pride (authorized 2/8/24)*
Jessica K. Pride
Counsel for Plaintiffs M.R., M.S., D.V., A.J., C.C., J.A., A.R., D.S., L.A., Y.S., L.C., S.M., J.O., J.C., N.P., R.R., C.B., C.M., V.G., C.G.

Dated: February 7, 2024                    LAW OFFICE OF ALANA MCMAINS

*/s/ Alana L. McMains (authorized 2/7/24)*
Alana L. McMains
Attorney for Plaintiff A.C.

THE JACOB D. FUCHSBERG LAW FIRM, LLP

Dated: February 13, 2024                    */s/ Jaehyun Oh (authorized 2/13/24)*
JAEHYUN OH*
NY Bar No. 5668512
* *Pro hac vice* application to be submitted in connection with prospective lawsuits for 36 related claimants
Counsel for T.G. and S.R.V. (4:23-cv-06285-YGR)

Rosen Bien Galvan & Grunfeld LLP

*/s/ Kara Janssen (authorized 2/13/24)*
Kara Janssen
As Local Counsel for The Jacob D. Fuchsberg Law Firm, LLP, Only

[PROPOSED] ORDER PERMITTING EXPERTS TO ENTER
BOP FACILITIES TO CONDUCT EVALUATIONS OF PLAINTIFFS

4

Dated: February 13, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ Victoria L. Boesch
VICTORIA L. BOESCH
Assistant United States Attorney

Counsel for the United States of America

Acting under authority conferred by 28
U.S.C. § 515

IT IS SO ORDERED.

DATED:    March 13    , 2024

_____
HONORABLE ALEX G. TSE
United States Magistrate Judge

[PROPOSED] ORDER PERMITTING EXPERTS TO ENTER
BOP FACILITIES TO CONDUCT EVALUATIONS OF PLAINTIFFS                    5