1
2
3
4
5

GEOFFREY BECKER
BECKER & BECKER
1370 Reliez Valley Road
Lafayette, California 94549
Telephone: 925-939-9041
State Bar No. 70110

Attorney for Defendants, Sergio Saucedo
Patrick Pool and Issac Venegas

6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| L.C. | ] NO. 4:22-CV-5137 YGR |
|---|---|
| Plaintiff, | ] Objection to Privacy Act Order |
| United State of America (Federal Bureau of Prisons); Sergio Saucedo and Does 1-25, inclusive | ] |
| Defendants. | ] |

17

I.      OBJECTORS

18
19
20

Defendants, Sergio Saucedo, Patrick Pool,  Issac Venegas and Jamie Perez object to the order as does Hector Avendano Luna who is not a defendant. [156].  Mr. Butland has advised that Mr. Luna's name appears in 23-4437 and that he is not a defendant.

21
22
23

The Privacy Act order provides that "Plaintiff's and the United States represent that they wish for the United States to provide Plaintiff's with the following categories of information:

24
25

2.   Employment files for the individually named defendants in this case.  Mr. Luna is not an individually named defendant and if he is, he has not been served.  He therefore objects to any disclosure.

26
27
28

1

Objection to Privacy Act Order

II.      Relief from the Privacy Act Requires a Motion

The Privacy Act Order herein refers to *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987.  [Doc] 156.   "... absent an express congressional intent to the contrary, the standards set forth in the FRCP must be followed with respect to discovery requests in District Court. We therefore hold that a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP.  *Laxalt v. McClatchy*, 809 F.2d 885, 889.

The court has noted that discovery is stayed and the agreement between the BOP and the plaintiffs does not involve a discovery dispute.  Since this is not a discovery dispute, does the court have jurisdiction to give the plaintiffs what they want from the BOP?

The Department of Justice website, www.Justice.gov ,Office of Privacy and Civil Liberties provides an in depth analysis of the issue.  Implicitly, the government suggests the court has the authority pursuant to 5 U.S.C. § 552a(b)(11) to issue an order allowing it to provide the plaintiffs with the protected information because it will assist the mediation which excludes the objecting defendants.  In support, the BOP points to the Stipulated Protective Order as assurance these defendants' privacy rights will be protected.  A protective order provides some assurance when employee records are ordered disclosed in litigation even though they are protected by the Privacy Act of 1974.

The Department of Justice website, www.Justice.gov , Office of Privacy and Civil Liberties, Exhibit 1, states:

11.    5 U.S.C. § 552a(b)(11) - Court Order

"No agency shall disclose any record which is contained in a system of records…except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless the disclosure would be—

(11) pursuant to the order of a court of competent jurisdiction."  5 U.S.C. § 552a(b)(11).  Comment:

The Privacy Act does not prohibit the disclosure of relevant records during discovery

2

when disclosed consistent with the Privacy Act's disclosure provision; agencies frequently utilize the court order disclosure exception during discovery.

Subsection (b)(11) permits a court of competent jurisdiction to order disclosure of Privacy Act protected information that would otherwise be prohibited from disclosure without prior written consent of the individual to whom the record pertains.

As a general proposition, the Privacy Act does not act as a shield against discovery of relevant records that are otherwise protected under the Privacy Act, and the records may become discoverable through litigation if ordered by a court. *Laxalt v. McClatchy,* 809 F.2d 885 (D.C. Cir. 1987). The essential point of this exception is that the Privacy Act "cannot be used to block the normal course of court proceedings, including court-ordered discovery." Clavir v. United States, 84 F.R.D. 612, 614 (S.D.N.Y. 1979); see also, Garraway v. Ciufo, No. 1:17-cv-00533, 2020 WL 1263562 (E.D. Cal. Mar. 16, 2020); Dawson v. Great Lakes Edu. Loan Services, Inc., No. 15-cv-475-JDP, 2018 WL 9539117 (W.D. Wis. Nov. 29, 2018); Adams v. Sotelo, No. 3:16-cv-02161, 2018 WL 30199288, at *2 (S.D. Cal. June 18, 2018); Ayers v. Lee, No. 14cv542-BGS, 2017 WL 2472840, at *3 (S.D. Cal. Jun. 8, 2017); Tidwell v. Brennan, No. 1:14-cv-553, 2015 WL 40922771 (S.D. Ohio July 6, 2015); United States v. Revland, No. 5:06–HC–2212, 2011 WL 7665381, at *1 (E.D.N.C. Nov. 30, 2011); Vinzant v. United States, No. 2:06-cv-10561, 2010 WL 2674609, at *7 (E.D. La. June 30, 2010) (stating that where defendant agency objected to disclosing Privacy Act records requested in discovery, "the 'court order exception' to the Privacy Act will preclude any future liability for disclosure, thereby alleviating the government's concern and nullifying its objection"); SEC v. Gowrish, No. 09-05883 SI, 2010 WL 1929498, at *2 (N.D. Cal. May 12, 2010); In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2007 WL 1959193, at *6 (E.D. La. June 27, 2007); Rogers v. England, 246 F.R.D. 1, 3 n.6 (D.D.C. Mar. 15, 2007); B & H Towing, No. 6:05-cv-00233, 2006 WL 1728044, at *5 (S.D. W. Va. June 23, 2006); Martin v. United States, 1 Cl. Ct. 775, 780-82 (Cl. Ct. Mar. 17, 1983).

The court order disclosure exception does not, itself, confer federal jurisdiction or create a right of action to obtain a court order. Nor does this exception confer federal jurisdiction or create a right of action to obtain a court order for the disclosure of records. See *Sheetz v. Marti, No.*

3

10-10844, 2010 WL 2034775, at *1 (D. Mass. May 19, 2010) (stating that "in the absence of federal question jurisdiction . . . , diversity jurisdiction . . . , or some other statutory grant of jurisdiction, this court lacks authority to issue a subpoena" against federal agency for records plaintiff sought in connection with his divorce proceedings); *Haydon Bros. Contracting, Inc. v. SSA,* No. 7:11-96, 2012 WL 38608, at *2-4 (E.D. Ky. Jan. 9, 2012) (stating that where plaintiff was seeking (b)(11) order to require agency to disclose third party's records, "the Privacy Act permits disclosure of an individual's records pursuant to a court order, it does not provide expressly for a private right of action to obtain such an order," and "implying a civil remedy. . .is not consistent with the legislative scheme of the Privacy Act."); see also Bryant v. SSA, No. 14CV5764, 2015 WL 6758094, at *4 (S.D.N.Y. Nov. 5, 2015).

A copy of Haydon Bros. Contracting, Inc. v. SSA, No. 7:11-96, 2012 WL 38608, at *2-4 (E.D. Ky. Jan. 9, 2012) is attached hereto as Exhibit 2.   The court in Haydon stated that "The Act generally prohibits the disclosure of an individuals records to a third party. The court -order exception does not grant individuals a federal right to a third party's records. Instead, the exception ensures that the Privacy Act "cannot be used to block the normal course of court proceedings, including court- ordered discovery" *Laxalt v. McClatchy,* 809 F.2d 885, 890.   (See also *Bailey Aldrich  v. United States of America*, 2023 WL 2584318 involving a stipulation in accordance with FRCP 26(c) and the entry of an order pursuant to 5 U.S.C. § 552a(b)(11) and  *Lobisch v. United States*, 2021 U.S. Dist. LEXIS 250775, 2021 WL 6497239 court issued subpoena.

The Privacy Act gives these defendants privacy rights-it does not give any other party the right to seek the order herein.  Without a motion by the plaintiffs to compel the production of the employment files and other unspecified material referred to by the BOP, the court does not have the authority to issue the order.

A.   Relevance

The proposed production is not specific and for that reason, relevance cannot be determined.  Relevance can only be determined by comparing the information which is sought and the allegations of the complaint .  For example, the US attorney intends to produce disciplinary records, citations, inmate complaints, and the like without explaining what "and the like" means in

4

Objection to Privacy Act Order

so far as the Privacy Act is concerned.  In addition, other records with the Federal Bureau of prisons may be disclosed as a part of that litigation.  Letter from US attorney, Exhibit 3.  The problem with this last statement "other records with the Federal Bureau of prisons may be disclosed as a part of that litigation" is involves discovery and this is not discovery.

### B.    Defendants' Proposal

The first class of parties consists of all of the plaintiffs and within this class there are two groups.  One group agreed to the pre-mediation examinations and the other objected to it.  Even though a significant number of plaintiffs objected to the proposed stipulated order re the examinations, [Doc] 148 & 150,  now final, [Doc] 171,  they are entitled to receive the reports generated from the examinations. [Doc] 144, ¶ 6. Although the objecting plaintiffs are entitled to this information, the objecting defendants herein are not.  *Id*.

The second class of parties is the United States of America, Bureau of Prisons defendants.   The third class of parties are the individually named defendants including these objecting defendants.  The Bureau of Prisons is not including the objecting defendants in mediation and it appears that there is a split among the plaintiffs as to whether they would mediate with the objecting  defendants.  Liaison counsel for plaintiffs has stated that she prefers to mediate only with the government and another attorney would be glad for them to attend and "pony up".  Although not included in mediation, the government and the plaintiffs nevertheless want the defendants' records to help them get the cases against the government to the exclusion of these defendants.

In order not to impede mediation, defendants propose that the government provide them with all of the documents they intend to produce allowing defendants one week to notify the government which documents may be released with consent and which documents may not be released.

Dated: March 25, 2024

Respectfully submitted,

"s"/geoffrey becker

_____
Geoffrey Becker
Attorney for the Sergio Saucedo**,** Patrick Pool
Isaac Venegas, Jaime Perez and Hector Luna

Objection to Privacy Act Order