

# Overview of the Privacy Act: 2020 Edition

## Conditions of Disclosure to Third Parties

The general rule under the Privacy Act is that an agency cannot disclose a record contained in a system of records unless the individual to whom the record pertains gives prior written consent to the disclosure. There are twelve exceptions to this general rule.

### A. The "No Disclosure without Consent" Rule

"No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [subject to 12 exceptions]." 5 U.S.C. § 552a(b).

Comment:

*Under the Privacy Act's disclosure provision, agencies generally are prohibited from disclosing records by any means of communication – written, oral, electronic, or mechanical – without the written consent of the individual, subject to twelve exceptions.*

Federal officials handling personal information are "bound by the Privacy Act not to disclose any personal information and to take certain precautions to keep personal information confidential." Big Ridge, Inc. v. Fed. Mine Safety & Health Review Comm'n, 715 F.3d 631, 650 (7th Cir. 2013); see also, e.g., Navy, Navy Exch., Naval Training Station, Naval Hosp. v. FLRA, 975 F.2d 348, 350 (7th Cir. 1992) (noting that "Privacy Act generally prohibits the federal government from disclosing personal information about an individual without the individual's consent").

A "disclosure" can be by any means of communication – written, oral, electronic, or mechanical. See OMB 1975 Guidelines, 40 Fed. Reg. at 28,953, Bartel v. FAA, 725 F.2d 1403, 1409 (D.C. Cir. 1984) (concluding that "an absolute policy of limiting the Act's coverage to information physically

## 11. 5 U.S.C. § 552a(b)(11) - Court Order

"No agency shall disclose any record which is contained in a system of records...except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless the disclosure would be—

...

(11) pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

Comment:

*The Privacy Act does not prohibit the disclosure of relevant records during discovery when disclosed consistent with the Privacy Act's disclosure provision; agencies frequently utilize the court order disclosure exception during discovery.*

Subsection (b)(11) permits a court of competent jurisdiction to order disclosure of Privacy Act protected information that would otherwise be prohibited from disclosure without prior written consent of the individual to whom the record pertains.

As a general proposition, the Privacy Act does not act as a shield against discovery of relevant records that are otherwise protected under the Privacy Act, and the records may become discoverable through litigation if ordered by a court. Laxalt v. McClatchy, 809 F.2d 885 (D.C. Cir. 1987). The essential point of this exception is that the Privacy Act "cannot be used to block the normal course of court proceedings, including court-ordered discovery." Clavir v. United States, 84 F.R.D. 612, 614 (S.D.N.Y. 1979); see also, Garraway v. Ciufo, No. 1:17-cv-00533, 2020 WL 1263562 (E.D. Cal. Mar. 16, 2020); Dawson v. Great Lakes Edu. Loan Services, Inc., No. 15-cv-475-JDP, 2018 WL 9539117 (W.D. Wis. Nov. 29, 2018); Adams v. Sotelo, No. 3:16-cv-02161, 2018 WL 30199288, at *2 (S.D. Cal. June 18, 2018); Ayers v. Lee, No. 14cv542-BGS, 2017 WL 2472840, at *3 (S.D. Cal. Jun. 8, 2017); Tidwell v. Brennan, No. 1:14-cv-553, 2015 WL 40922771 (S.D. Ohio July 6, 2015); United States v. Revland, No. 5:06–HC–2212, 2011 WL 7665381, at *1 (E.D.N.C. Nov. 30, 2011); Vinzant v. United States, No. 2:06-cv-10561, 2010 WL 2674609, at *7 (E.D. La. June 30, 2010) (stating that where defendant agency objected to disclosing Privacy Act records requested in discovery, "the 'court order exception' to the Privacy Act will preclude any future liability for disclosure, thereby alleviating the government's concern and nullifying its objection"); SEC v. Gowrish, No. 09-05883 SI, 2010 WL 1929498, at *2 (N.D. Cal. May 12, 2010); In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2007 WL 1959193, at *6 (E.D. La. June 27, 2007); Rogers v. England, 246 F.R.D. 1, 3 n.6 (D.D.C. Mar. 15, 2007); B & H Towing, No. 6:05-cv-00233, 2006 WL 1728044, at *5 (S.D. W. Va. June 23, 2006); Martin v. United States, 1 Cl. Ct. 775, 780-82 (Cl. Ct. Mar. 17, 1983).

*The court order disclosure exception does not, itself, confer federal jurisdiction or create a right of action to obtain a court order.*

Nor does this exception confer federal jurisdiction or create a right of action to obtain a court order for the disclosure of records. See Sheetz v. Marti, No. 10-10844, 2010 WL 2034775, at *1 (D. Mass. May 19, 2010) (stating that "in the absence of federal question jurisdiction . . . , diversity jurisdiction . . . , or some other statutory grant of jurisdiction, this court lacks authority to issue a subpoena" against federal agency for records plaintiff sought in connection with his divorce proceedings); Haydon Bros. Contracting, Inc. v. SSA, No. 7:11-96, 2012 WL 38608, at *2-4 (E.D. Ky. Jan. 9, 2012) (stating that where plaintiff was seeking (b)(11) order to require agency to disclose third party's records, "the Privacy Act permits disclosure of an individual's records pursuant to a court order, it does not provide expressly for a private right of action to obtain such an order," and "implying a civil remedy. . .is not consistent with the legislative scheme of the Privacy Act."); see also Bryant v. SSA, No. 14CV5764, 2015 WL 6758094, at *4 (S.D.N.Y. Nov. 5, 2015).