® Lexis®   Client: JOE   Folders   History   Help   More

Document:  Haydon Bros. Contr., Inc. v. United States SSA, 2012 U.S. Dist. LEXIS 1…   Actions

Go to   Page   Page    Search Document

# Haydon Bros. Contr., Inc. v. United States SSA, 2012 U.S. Dist. LEXIS 1787, 2012 U.S. Dist. LEXIS 1787

Copy Citation   Copy Citation

United States District Court for the Eastern District of Kentucky, Southern Division

January 9, 2012, Decided; January 9, 2012, Filed

CIVIL ACTION NO. 7:11-96-KKC

**Reporter**

2012 U.S. Dist. LEXIS 1787 * | 2012 WL 38608

HAYDON BROTHERS CONTRACTING, INC., PLAINTIFF v. UNITED STATES SOCIAL SECURITY ADMINISTRATION, AND MICHAEL ASTRUE, in his Official Capacity as Commissioner of the United States Social Security Administration, AND UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, AND ALEJANDRO MAYORKAS, in his Official Capacity as Director of the United States Citizenship and Immigration Services, AND EDWIN GONZALES, DEFENDANTS

**Prior History:** Gonzales v. Haydon Bros. Contr., Inc., 2011 U.S. Dist. LEXIS 72103 (E.D. Ky., June 27, 2011)

## Core Terms

records, disclose, social security number, third party, disclosure, documents, court order

**Counsel:** [*1] For Haydon Brothers Contracting, Inc., Plaintiff: John W. Walters, Matthew Barszcz, Melissa Mae Thompson, Golden & Walters PLLC, Lexington, KY.

For Edwin Gonzales, Defendant: Adam S. Hall, Allison Ball, Jim G. Vanover, Vanover, Hall & Bartley, P.S.C., Pikeville, KY.

**Judges:** Karen K. Caldwell, United States District Judge.

**Opinion by:** Karen K. Caldwell

**OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss [DE 4] filed by one of the Defendants in this action, Edwin Gonzales. For the following reasons, the motion will be granted.

**I. Background.**

This action marks the second attempt by the Plaintiff Haydon Brothers Contracting, Inc. to obtain from this Court an order requiring the Social Security Administration to disclose documents regarding a third-party's social security number.

Haydon Brothers argues that the documents are relevant to a state-court action filed against it by Gonzales who is named as a defendant in this matter. In the state-court action, Gonzales claims that he was injured by blasting conducted by Haydon Brothers.

Haydon Brothers received a letter from the Social Security Administration dated May 18, 2011 stating that the social security number used by Gonzales actually belongs [*2] to a deceased individual. Haydon Brothers states that this letter "raises a host of issues" in the Pike Circuit Court action regarding Gonzales's damages, his credibility, and potential Medicare liens. It argues that resolving whether Gonzales is a legal citizen or not is crucial to its defense in the state court action.

After receiving the letter, in its first attempt to obtain a federal court order requiring the Social Security Administration to disclose documents regarding the social security number used by Gonzales, Haydon Brothers removed the Pike Circuit Court action to federal court. See *Gonzales, et al. v. Haydon Brothers Contracting, Inc.*, No. 11-83-ART, 2011 U.S. Dist. LEXIS 72103, 2011 WL 2534455 (E.D. Ky. June 27, 2011).

By opinion dated June 27, 2011, the Honorable Judge Amul Thapar ▾ remanded the removed action back to Pike Circuit Court noting that federal jurisdiction cannot be assumed "solely as a means of discovery" and that Haydon Brothers had removed the action to federal court solely to obtain evidence that Gonzales is an illegal immigrant. Further, Judge Thapar ▾ ruled that, because the lack of federal jurisdiction over the matter was obvious and Haydon Brothers' removal on the eve of trial was [*3] egregious, Haydon Brothers must pay Gonzales's fees and costs incurred in fighting removal.

A couple of weeks after removing the state court action, Haydon Brothers filed this federal action. In addition to Gonzales, Haydon Brothers names four other defendants: the Social Security Administration (the SSA") and its commissioner Michael Astrue, who is sued in his official capacity; and the United States Citizenship and Immigration Services (the "CIS") and its director Alejandro Mayorkas, who is also sued in his official capacity.

In this action, Haydon Brothers seeks a declaratory judgment that the social security number claimed by Gonzales does not belong to him and that Gonzales is not a legal United States citizen. Haydon Brothers also seeks an injunction directing the SSA to disclose the records it has on the social security number claimed by Gonzales and directing the CIS to disclose the records it has regarding Gonzales's citizenship.

Gonzales now moves to dismiss this action. None of the other Defendants have responded to the Complaint.

## II. Analysis.

Gonzales moves to dismiss this action for the same reasons that Judge Thapar ▼ remanded the removed action: lack of subject matter jurisdiction. [*4] Haydon Brothers responds that this court has federal question jurisdiction because this action arises under the Privacy Act, 5 U.S.C. § 552a [DE 5 at 3].

That statute prohibits any federal agency from disclosing records to any person without the written consent of the individual to whom the record pertains except under certain enumerated conditions. 5 U.S.C. § 552a(b). There is an exception permitting disclosure "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). By regulation, the SSA has defined a court to include only a federal court. 20 C.F.R. § 401.180(b). Thus, Haydon Brothers argues, it brings this action under the Privacy Act to obtain a federal court order permitting the SSA to disclose the records pertaining to the social security number used by Gonzales.

The problem, however, is that Haydon Brothers has no private right of action to compel disclosure of a third-party's records under the Privacy Act. The Privacy Act does not create a federal right to a third-party's records. It generally prohibits an agency from disclosing an individual's records, 5 U.S.C. § 552a(b) and requires an agency to grant an individual access to his own records, 5 U.S.C. § 552a(d)(1); [*5] amend an individual's records where appropriate, 5 U.S.C. § 552a(d)(2), (3); and to maintain accurate records. 5 U.S.C. § 552a(e)(5). The Act expressly provides for civil remedies for any individual harmed by an agency's failure to comply with any of its provisions. 5 U.S.C. § 552a(g)(1)(A)-(D). Haydon Brothers does not contend, however, that any federal agency has failed to comply with the Privacy Act.

Instead, Haydon Brothers brings this action to obtain a court order requiring a federal agency to disclose a third party's records. While the Act permits disclosure of an individual's records pursuant to a court order, it does not provide expressly for a private right of action to obtain such an order. In determining whether the Act implicitly provides for such a private right of action, Cort v. Ash, 422 U.S. 66, 95 S. Ct. 2080, 45 L. Ed. 2d 26, (1975) instructs the Court to consider the following:

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted". . . — that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?. . . Third, is it consistent [*6] with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

Id. at 78 (citations omitted).

Since Cort, "the Supreme Court has refined this inquiry and the focal point is whether Congress, expressly or by implication, intended to create a private cause of action." Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 308 (6th Cir.2000) (citing Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16, 100 S. Ct. 242, 62 L. Ed. 2d 146 (1979), and Touche Ross & Co. v. Redington, 442 U.S. 560, 575, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979)).

The Privacy Act was not intended to benefit an individual seeking records belonging to a third party. Again, it primarily requires agencies to protect the integrity and confidentiality of an individual's records and provides

for civil remedies where federal agencies fail to do so. While the Act permits agencies to disclose an individual's records pursuant to a court order, it does not grant a federal right to such disclosure or otherwise seek to delineate when **[*7]** such disclosure should occur.

Further, Haydon Brothers has presented this Court with no argument or evidence that Congress intended to create a private right of action for an individual seeking another person's federal records. Nor has this Court located any such evidence. Congress did provide for certain civil remedies in the Act but not a remedy for an individual seeking to obtain documents pertaining to a third party. The legislative history contains no indication that Congress intended to provide such a remedy. Courts have noted that the legislative history of the Privacy Act is "abbreviated and sketchy." See *Martin v. United States*, 1 Cl. Ct. 775, Appendix A (Cl. Ct. 1983) (citations omitted). With regard to the court-order exception, or "exception 11," in particular, the Eighth Circuit has explained:

> The present exception 11 was not included in either the Senate or House Bills and is, therefore, not discussed in the Senate and House Reports. There was no Conference Report. . . .The first reference to the provision in the congressional debate is in a recitation of the House bill in the Senate on December 17, 1974. . . . However, there is no discussion of the provision either on that **[*8]** date or in subsequent debates on the House and Senate Bills.

*Bruce v. United States*, 621 F.2d 914, 916 n.4 (8th Cir. 1980)(citations omitted).

Finally, implying a civil remedy in the Privacy Act for an individual seeking to obtain documents regarding a third party it is not consistent with the legislative scheme of the Privacy Act. The Act generally prohibits the disclosure of an individual's records to a third party. The court-order exception does not grant individuals a federal right to a third party's records. Instead, the exception ensures that the Privacy Act "cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Laxalt v. McClatchy*, 809 F.2d 885, 890, 258 U.S. App. D.C. 44 (C.A. D.C. 1987)(citation omitted).

Thus, in an action pending in this Court, in the course of discovery, this Court could issue an order requiring the SSA to disclose information. Likewise, if this Court had issued a subpoena commanding the SSA to disclose documents, then this Court would have jurisdiction over any motion to quash the subpoena. Fed. R. Civ. P. 45(c)(3). Finally, the SSA administrative regulations provide for a manner by which an individual can request from it the records **[*9]** of a third party, 20 C.F.R. § 402.15(c), and provides for a review by this Court of the agency's denial of such a request. 20 C.F.R. § 402.205.

Here, however, Haydon Brothers initiated an action in federal court requesting the federal records of a third party and asserting that the action arises under the Privacy Act. Because the Act provides no such remedy, this action must be dismissed.

### III. Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

> 1) Edwin Gonzales's Motion to Dismiss [DE 4] is GRANTED;
> 
> 2) this matter is DISMISSED and STRICKEN from the active docket of this Court; and

3) this Order is FINAL and APPEALABLE.

Dated this 9th day of January, 2012.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**

LexisNexis Logo

About

Privacy Policy

Cookie Policy

Terms & Conditions

RELX Group Logo

Copyright © 2024 LexisNexis.