| | |
|---|---|
| ERNEST GALVAN – 196065<br>KARA J. JANSSEN – 274762<br>ADRIENNE SPIEGEL – 330482<br>LUMA KHABBAZ – 351492<br>ROSEN BIEN GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830<br>Email: \egalvan@rbgg.com<br>    kjanssen@rbgg.com<br>    aspiegel@rbgg.com<br>    lkhabbaz@rbgg.com<br><br>SUSAN M. BEATY – 324048<br>CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE<br>1999 Harrison Street, Suite 1800<br>Oakland, California 94612-4700<br>Telephone: (510) 679-3674<br>Email: susan@ccijustice.org<br><br>Attorneys for Plaintiffs in 4:23-cv-04155-YGR | OREN NIMNI* (Mass. 691821)<br>AMARIS MONTES* (Md. 2112150205)<br>RIGHTS BEHIND BARS<br>416 Florida Avenue N.W. #26152<br>Washington, D.C. 20001-0506<br>Telephone: (202) 455-4399<br>Email: oren@rightsbehindbars.org<br>    amaris@rightsbehindbars.org<br><br>STEPHEN S. CHA-KIM* (N.Y. 4979357)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>Telephone: (212) 836-8000<br>Email: stephen.cha-kim@arnoldporter.com<br><br>CARSON D. ANDERSON – 317308<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>3000 El Camino Real<br>Five Palo Alto Square, Suite 500<br>Palo Alto, California 94306-3807<br>Telephone: (650) 319-4500<br>Email: carson.anderson@arnoldporter.com<br><br>*Admitted *pro hac vice* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| M.R.<br>    Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, et al.<br>    Defendants. | Case No.: 4:22-CV-05137-YGR<br>RELATED TO:<br>22-cv-07704-YGR<br>22-cv-08924-YGR<br>23-cv-02135-YGR<br>23-cv-02201-YGR<br>23-cv-02206-YGR<br>23-cv-02342-YGR<br>23-cv-02405-YGR<br>23-cv-02668-YGR<br>23-cv-02986-YGR<br>23-cv-03390-YGR<br>23-cv-03475-YGR<br>23-cv-03538-YGR |

|   |   |
|---|---|
| 1 | 23-cv-03558-YGR |
| 2 | 23-cv-03562-YGR |
|   | 23-cv-03641-YGR |
| 3 | 23-cv-03700-YGR |
|   | 23-cv-03716-YGR |
| 4 | 23-cv-03827-YGR |
|   | 23-cv-03994-YGR |
| 5 | 23-cv-03997-YGR |
|   | 23-cv-04155-YGR |
| 6 | 23-cv-04283-YGR |
|   | 23-cv-04317-YGR |
| 7 | 23-cv-04321-YGR |
|   | 23-cv-04361-YGR |
| 8 | 23-cv-04434-YGR |
|   | 23-cv-04435-YGR |
| 9 | 23-cv-04436-YGR |
|   | 23-cv-04437-YGR |
| 10 | 23-cv-04691-YGR |
|   | 23-cv-04698-YGR |
| 11 | 23-cv-05339-YGR |
|   | 23-cv-05356-YGR |
| 12 | 23-cv-05392-YGR |
|   | 24-cv-01360-YGR |
| 13 | 24-cv-01365-YGR |
|   | 24-cv-01369-YGR |
| 14 | 24-cv-01370-YGR |
|   | 24-cv-01372-YGR |
| 15 | 24-cv-01375-YGR |
|   | 24-cv-01376-YGR |
| 16 | 24-cv-01379-YGR |
|   | 24-cv-01381-YGR |
| 17 | 24-cv-01383-YGR |
|   | 24-cv-01384-YGR |
|   | 24-cv-01385-YGR |

**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 170)**

Judge: Hon. Yvonne Gonzalez Rogers

Judge: Hon. Alex G. Tse, United States Magistrate Judge

Trial Date: None Set

[4460743.3]

Pursuant to Fed. R. Civ. P. 72(b)(2) and Civil L.R. 72-2, the Plaintiffs listed in Appendix A to this filing (hereinafter "Objecting Plaintiffs"), through their undersigned counsel, submit these objections to the Order Permitting Experts to Enter BOP Facilities to Conduct Evaluations of Plaintiffs, Case 4:22-cv-05137-YGR, ECF No. 170 ("Order"), filed herewith as Exhibit 1. Objecting Plaintiffs request that the Court instead issue the Proposed Order submitted with this Motion for Relief.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(b)(2), this Court may "modify or set aside any part of a non-dispositive Magistrate order that is clearly erroneous or is contrary to law." Under the "contrary to law" standard, the "magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

## ARGUMENT

Here, the Magistrate Judge's ruling is contrary to Fed. R. Civ. P. 35, which regulates defense access to plaintiffs for psychological examinations. Objecting Plaintiffs specifically object to Magistrate Judge Alex G. Tse's Order permitting Defendants, to make an end-run around the protections afforded by Fed. R. Civ. P. 35, by having the Government's "retained medical experts [] enter the facility to conduct a psychological, psychiatric, or other mental health evaluation of Plaintiffs. Case 4:22-cv-05137 YGR, ECF No. 154, EFC No. 170 at 2. This Court knows well the extent of retaliation and abuse of power within the BOP, especially at FCI Dublin, and should overrule the Order because it will effectively permit BOP to weaponize the use of psychological evaluation on Plaintiffs, who have already experienced horrific abuse.

Indeed, the Order imposes obligations on the Plaintiffs that have nothing to do with the proper scope of an order to ensure that counsel and their consultants have access to their incarcerated clients, which is fundamental to ensuring the incarcerated client's First Amendment rights to petition this Court. There is no basis in law for the BOP to exact a price on such access in the form of an end-run around the protections that all other litigants enjoy from unwanted and unwarranted defense examinations under Rule 35 of the Federal Rules of Civil Procedure.

The Supreme Court and Congress, in crafting Rule 35, struck a careful balance between a civil

defendants' limited interest in probing into a plaintiff's physical and mental health, the plaintiffs' dignitary and privacy interests, as well as a plaintiff's right to benefit from counsel's advice on when and how to give the defense access to such sensitive information. *See Schlagenhauf v. Holder,* 379 U.S. 104, 116 (1964); *Sibbach v. Wilson & Co.,* 312 U.S. 1, 16 (1941). Nothing in Rule 35, the analysis of the Rules Advisory Committee, or the case law, conditions this careful balance on a plaintiffs' custody status. But, the Order improperly creates two classes of plaintiffs in these Related Cases—(1) the released plaintiffs who can prepare for the mediation just like any other civil litigant with the full benefit of counsel and evaluations by counsel's chosen consultants with discovery subject to the Federal Rules, and (2) a lesser class of plaintiffs who are denied the benefit of confidential evaluations by their counsel's chosen consultants and denied the protections of Rule 35's limits on defense examinations.

In a brief to the Magistrate Judge, the Government did not address the anomaly of a rule that enforces Rule 35 for free plaintiffs while denying Rule 35's protections to incarcerated plaintiffs. (Case 4:22-cv-05137 YGR ECF No. 154.) The Government relied only on the Court's order issued after the December 11, 2023 status conference, in which the Court stated:

> Plaintiffs' request for psychological evaluations is **GRANTED**. The parties should file a proposed blanket order requiring all BOP facilities to permit these evaluations for up to eight hours. If any person requires a longer evaluation, they will need to file a request with the Court. These evaluations will be reciprocal—should defendants choose to conduct their own psychological evaluations of plaintiffs they shall be permitted to do so.

(Case 4:22-cv-05137 YGR, ECF No. 120 at 2:25-3:2.) That December 12, 2023 Order was not, however, the Court's last word on the issue. Instead, the Court heard further argument on the issue during the December 18, 2023 status conference, and ordered the "parties to work with Magistrate Judge Alex G. Tse on this discovery topic." (Case 4:23-cv-04155, YGR ECF No. 73, Minute Order; Case 4:22-cv-05137 YGR, ECF No. 126) Unlike on December 11 and 18, 2023, the issue has now been briefed before the Magistrate, has resulted in an Order, and is reviewable here under Rule Fed. R. Civ. P. 72(b)(2) and Civil L.R. 72-2. In the briefing before the Magistrate, the Government pointed to no justification for consigning the incarcerated plaintiffs to this lesser,

second-class status, other than the fact that the Government has the raw power to do so by limiting counsel's access to their clients.  The Court should not be a party to an order in which one party to litigation uses its raw power to upset the normal rules of litigation.  *See Bernal v. S. P. Transp. Co.,* 196 F.R.D. 371, 373 (E.D. Cal. 2000) (issuing restraining order to prevent defendant from disciplining employee plaintiff for refusing employer medical examination, stating that regardless of employer's power "plaintiff possesses a right, like all federal litigants, to the protections of the Federal Rules of Civil Procedure governing discovery"); *Partida v. Union P. R.R. Co.,* 221 F.R.D. 623, 628 (C.D. Cal. 2004) (issuing preliminary injunction and protective order to prevent defendant railroad from circumventing Rule 35 by using its employer authority to require medical examination of injured workers). Moreover, it is an error to assume that Rule 35 examinations are inevitable in all of these cases.  Congress and the Supreme Court have distinguished such examinations from all other federal discovery.  Rule 35 examinations are restricted to cases in which the subject matter to be examined is "in controversy" and in which the party seeking the examination demonstrates "good cause."  Moreover, the "in controversy" and "good cause" requirements "are not met by mere conclusory allegations in the pleadings–nor by mere relevance to the case–but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *See Schlagenhauf,* 379 U.S. at 118.  Not all plaintiffs who allege emotional distress of mental anguish are subject to defense examinations under Rule 35.  On the contrary, the individual case analysis depends on many factors, including what types of injuries the plaintiff asserts in response to less invasive discovery as the case develops.  *See Turner v. Imperial Stores,* 161 F.R.D. 89, 98 (S.D. Cal. 1995).  Allowing the Government to force such examinations wholesale short-circuits this entire process.

The Government's use of its power to force defense examinations outside Rule 35 is not only unsupported by law, it also deepens the injuries already suffered by plaintiffs, and opens up further abuses of power.  Consider the situation of a plaintiff during the period between examination by the plaintiff's own consultant and the subsequent examination by the government's consultant.  During the days or weeks between the two examinations, a plaintiff's release date may come up.  Release

dates are quite variable and depend on complex and ever changing factors such as credit calculations, availability of a suitable halfway house placement, and discretionary decisions regarding suitability for home confinement.  The Order creates a perverse incentive to delay release in order to keep the plaintiff in the inferior second-class group of litigants who cannot undertake ordinary case preparation without waiving Rule 35 protections.  In a case already rife with abuses of power and retaliation, the Court should stay far away from creating such perverse incentives.

In addition, early defense examinations can deepen Plaintiffs' injuries.  Many of the Plaintiffs in the related cases have a significant history of sexual abuse and trauma, in addition to the sexual abuse and trauma that underlies their complaints.  Some are reluctant to discuss their trauma with anyone, including consultants chosen by their own counsel.  Plaintiffs' consultants will have to work carefully with in-custody clients, including curtailing, limiting or stopping a meeting or examination if it risks raising issues that would require follow-up therapy that cannot be provided to the incarcerated plaintiff.  Requiring in-custody Plaintiffs to re-live their trauma a second time, for the benefit of their Government adversaries, places too high a price on what all litigants should receive as of right: full access to counsel and to counsel's consultants whose work is necessary for effective representation.

To the extent that early reciprocal evaluations might make mediation work better, that is true in all cases, and should be addressed as it is in all other cases.  If a plaintiff and their counsel believe that they can get a better result in mediation by offering the defense access to the litigant for an examination, than the plaintiff and their counsel are free to make that decision, but it should not be forced on any plaintiff simply because the defense has the raw power to prevent the plaintiff from

//
//
//
//
//
//
//

full access to counsel and counsel's consultants. The Court would not countenance such abuse of power in any other litigation; it should reject it here as well.

Instead, the Court should issue the alternative Proposed Order attached to this objection.

DATED: March 27, 2024         Respectfully Submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:     /s/ Ernest Galvan
        Ernest Galvan

Attorneys for Plaintiffs California Coalition for Women, R.B., A.H.R., S.L., J.L., J.M., G.M.,A.S., and L.T. (4:23-cv-04155-YGR)

Respectfully submitted,

DATED: March 27, 2024         ARNOLD & PORTER KAYE SCHOLER LLP

By:     /s/ Carson D. Anderson
        Carson D. Anderson

Attorneys for Plaintiffs A.L.R. (24-cv-01360-YGR); A.Y. (24-cv-01365-YGR); M.D. (24-cv-01369-YGR); Z.T.S. (24-cv-01370-YGR); E.S. (24-cv-01372-YGR); F.S. (24-cv-01375-YGR); H.G. (24-cv-01376-YGR); K.D. 24-cv-01379-YGR; M.L. (24-cv-01381-YGR); R.W. (24-cv-01383-YGR); J.H. (24-cv-01384-YGR); A.C. (24-cv-01385-YGR)

| | | |
|---|---|---|
| DATED: March 27, 2024 | | Respectfully submitted, |
| | | SIEGEL, YEE, BRUNNER & MEHTA |
| | | By: /s/ *EmilyRose Naomi Johns* |
| | | EmilyRose Naomi Johns |
| | | Attorneys for Plaintiffs T.C. (4:23-cv-06330-YGR) & S.L. (4:23-06517-YGR) |
| DATED: March 27, 2024 | | Respectfully submitted, |
| | | BURNS & COHAN, ATTORNEYS AT LAW |
| | | By: /s/ *Todd William Burns* |
| | | Todd William Burns |
| | | Attorneys for R.C. (4:23-cv-03716-YGR), J.R. (4:23-cv-03994-YGR), M.J.R. (4:23-cv-05821-YGR) |
| DATED: March 27, 2024 | | Respectfully submitted, |
| | | THE WAGNER LAW GROUP |
| | | By: /s/ *Laura Elizabeth Brown* |
| | | Laura Elizabeth Brown |
| | | Attorneys for L.C., M.W., P.G. (4:23-cv-02986-YGR), G.H., N.R., CA (4:23-cv-05374-YGR) |

# APPENDIX A

| Case No. | Plaintiffs | Counsel |
| --- | --- | --- |
| 4:23-cv-04155-YGR | California Coalition for Women Prisoners (CCWP), R.B., A.H.R., S.L., J.L., J.M., G.M., A.S., and L.T. | ROSEN BIEN GALVAN & GRUNFELD LLP, CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:23-cv-06330-YGR | T.C. | LAW OFFICE OF DEBORAH M. GOLDEN/SIEGEL, YEE, BRUNNER & MEHTA |
| 4:23-cv-06517-YRG | S.L. | LAW OFFICE OF DEBORAH M. GOLDEN/SIEGEL, YEE, BRUNNER & MEHTA |
| 4:23-cv-03716-YGR | R.C. | BURNS & COHAN |
| 4:23-cv-03994-YGR | J.R. | BURNS & COHAN |
| 4:23-cv-05821-YGR | M.J.R. | BURNS & COHAN |
| 4:23-cv-02986-YGR | L.C., M.W., P.G. | THE WAGNER LAW GROUP |
| 4:23-cv-05374-YGR | G.H., N.R., CA | THE WAGNER LAW GROUP |
| 4:24-cv-01360-YGR | A.L.R. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01365-YGR | A.Y. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01369-YGR | M.D. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01370-YGR | Z.T.S. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01372-YGR | E.S. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |

| Case No. | Plaintiffs | Counsel |
|---|---|---|
| 4:24-cv-01375-YGR | F.S. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01376-YGR | H.G. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01379-YGR | K.D. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01381-YGR | M.L. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01383-YGR | R.W. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01384-YGR | J.H. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |
| 4:24-cv-01385-YGR | A.C. | CALIFORNIA COLLABORATIVE FOR IMMIGRANT JUSTICE, RIGHTS BEHIND BARS, ARNOLD & PORTER KAYE SCHOLER LLP |