UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| M.R.<br><br>      Plaintiff,<br>  v.<br>UNITED STATES OF AMERICA, et al.<br>      Defendants. | Case No.: 4:22-CV-05137-YGR<br><br>RELATED TO:<br>22-cv-07704-YGR<br>22-cv-08924-YGR<br>23-cv-02135-YGR<br>23-cv-02201-YGR<br>23-cv-02206-YGR<br>23-cv-02342-YGR<br>23-cv-02405-YGR<br>23-cv-02668-YGR<br>23-cv-02986-YGR<br>23-cv-03390-YGR<br>23-cv-03475-YGR<br>23-cv-03538-YGR<br>23-cv-03558-YGR<br>23-cv-03562-YGR<br>23-cv-03641-YGR<br>23-cv-03700-YGR<br>23-cv-3716-YGR<br>23-cv-03827-YGR<br>23-cv-03994-YGR<br>23-cv-03997-YGR<br>23-cv-04155-YGR<br>23-cv-04283-YGR<br>23-cv-04317-YGR<br>23-cv-04321-YGR<br>23-cv-04361-YGR<br>23-cv-04434-YGR<br>23-cv-04435-YGR<br>23-cv-04436-YGR<br>23-cv-04437-YGR<br>23-cv-04691-YGR<br>23-cv-04698-YGR<br>23-cv-05339-YGR<br>23-cv-05356-YGR<br>23-cv-05392-YGR<br>24-cv-01360-YGR<br>24-cv-01365-YGR<br>24-cv-01369-YGR<br>24-cv-01370-YGR<br>24-cv-01372-YGR<br>24-cv-01375-YGR<br>24-cv-01376-YGR<br>24-cv-01379-YGR<br>24-cv-01381-YGR<br>24-cv-01383-YGR<br>24-cv-01384-YGR<br>24-cv-01385-YGR |

|   |   |
|---|---|
|   | **[PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Judge: Hon. Alex G. Tse, United States Magistrate Judge<br><br>Trial Date: None Set |

**[PROPOSED] ORDER**

THIS COURT HEREBY GRANTS the Objecting Plaintiffs' Fed. R. Civ. P. 72 objections to the Order Permitting Experts To Enter BOP Facilities To Conduct Evaluations of Plaintiffs (EFC No. 170) and ORDERS that in anticipation of mediating the foregoing cases, all Bureau of Prisons ("BOP") facilities that have custody of any of the Plaintiffs in the above-captioned case shall permit Plaintiffs' retained medical experts or consultants to enter the facility to conduct a psychological, psychiatric, or other mental health evaluation of those Plaintiffs, subject to the following provisions:

1. If Plaintiff wishes to conduct the evaluation, the Plaintiff's counsel must contact both the Assistant U.S. Attorney(s) assigned to that Plaintiff's case and the BOP facility at which the Plaintiff is housed to coordinate the evaluations, which shall include providing the names and credentials of the retained experts or consultants in advance for BOP vetting for security purposes only.

2. Evaluations under this order shall be limited to a total of 8 hours, absent leave of Court to conduct an evaluation that exceeds a total of 8 hours, which will not be granted absent a showing that the additional time is required to properly conduct the evaluation. Evaluations shall have a four hour a day limit. The second day, if needed, will take place as close in time as possible to the first day.

3. For in-person evaluations, the BOP shall provide a private confidential room for the evaluation.

4. For evaluations that will not be conducted in-person, Plaintiff's counsel shall confer with

the BOP to determine an alternative means of conducting the evaluation based on the capabilities of the facility, BOP rules and regulations, and the need for prison administration. These means will include videoconference technology or, if that is not available or not feasible, other forms of telecommunications. The BOP shall not be required to proctor or otherwise assist in any evaluation, whether in-person or remote.

5. All experts, consultants and counsel must follow all BOP rules, regulations, and protocols for the evaluations.

IT IS SO ORDERED.

DATED: _____, 2024

Honorable Yvonne Gonzalez Rogers,
United States District Court Judge

3