PHILLIP A. TALBERT
United States Attorney
VICTORIA L. BOESCH
Assistant United States Attorney
BRODIE M. BUTLAND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R.<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CORRECTIONAL INSTITUTION "FCI" DUBLIN; ROSS KLINGER; RAY J. GARCIA; UNITED STATES OF AMERICA<br><br>Defendants. | Case No. 4:22-CV-05137-YGR<br><br>RELATED TO:<br>23-cv-02342-YGR<br>23-cv-03475-YGR<br>23-cv-03558-YGR<br>23-cv-02206-YGR<br>23-cv-04698-YGR<br>23-cv-02201-YGR<br>23-cv-03562-YGR<br>23-cv-03700-YGR<br>23-cv-05356-YGR<br>23-cv-02668-YGR<br>23-cv-03538-YGR<br>22-cv-08924-YGR<br>23-cv-02135-YGR<br>23-cv-02405-YGR<br>23-cv-04155-YGR<br>23-cv-03716-YGR<br>23-cv-03994-YGR<br>22-cv-07704-YGR<br>23-cv-03997-YGR<br>23-cv-03641-YGR<br>23-cv-04437-YGR<br>23-cv-04434-YGR<br>23-cv-05339-YGR<br>23-cv-03390-YGR<br>23-cv-04317-YGR<br>23-cv-04283-YGR<br>23-cv-04435-YGR<br>23-cv-04361-YGR<br>23-cv-04436-YGR<br>23-cv-04321-YGR<br>23-cv-03827-YGR<br>23-cv-04691-YGR<br>23-cv-02986-YGR<br>23-cv-05392-YGR |

|  |  |
|---|---|
| ) | 23-cv-04611-YGR |
| ) | 23-cv-05294-YGR |
| ) | 23-cv-05821-YGR |
| ) | 22-cv-09096-YGR |
| ) | 23-cv-06150-JSW |
| ) | 23-cv-05374-RFL |
| ) | 23-cv-05343-YGR |
| ) | 23-cv-05623-YGR |
| ) | 23-cv-06146-YGR |
| ) | 23-cv-06285-YGR |
| ) | 23-cv-06330-YGR |
| ) | |
| ) | **OPPOSITION TO MOTION FOR RELIEF** |
| ) | **FROM NON-DISPOSIIVE ORDER OF** |
| ) | **MAGISTRATE JUDGE (ECF NO. 170)** |

The Court stayed all cases for damages until July 19, 2024, so that plaintiffs and the United States could mediate. Plaintiffs' counsel requested limited, pre-mediation psychological examinations of their incarcerated clients to assist with valuing their cases for mediation. The Court granted that request, allowing plaintiffs up to eight hours for an examination. But the Court also explicitly said that the evaluations would "be reciprocal—should defendants choose to conduct their own psychological evaluations of plaintiffs, they will be permitted to do so." ECF No. 120, at 2. The Court so held over Objecting Plaintiffs' objection "to any separate mental health evaluation by the United States at this time." ECF No. 111, at 9. A dispute arose between the parties as to the specific provisions of a proposed order, so the Court referred the dispute to the Magistrate Judge. The Magistrate Judge entered an order consistent with the Court's prior order—allowing for reciprocal pre-mediation examinations—and overruled Objecting Plaintiffs' renewed assertions that no evaluations should be allowed at all. *See* ECF Nos. 144, 170, 171 (the "Pre-Mediation Examination Order").

Objecting Plaintiffs filed a motion seeking relief from the Magistrate Judge's Pre-Mediation Examination Order. ECF No. 179. They now ask the Court to revisit the Pre-Mediation Examination Order based on objections that this Court already rejected. Instead, they again ask the Court to enter an order allowing pre-mediation examinations by plaintiffs' experts only. In so requesting, they offer nothing new for the Court's consideration and fail to explain why the Magistrate Judge's Order, which is entitled to substantial deference, should be overruled. The Court should deny the motion.

## II. LAW AND ANALYSIS

### A. Legal Standard

A Magistrate Judge may perform any specific statutorily authorized duties in a particular action "by any written order of a District Judge." Loc. R. 72-1. If a party disagrees with a Magistrate Judge's non-dispositive determination, she may file objections. Fed. R. Civ. P. 72(a);[1] Loc. R. 72-2.

"With regard to discovery disputes and other non-dispositive matters, a magistrate judge's decision is entitled to great deference." *Doubt v. NCR Corp.*, No. C09-5917, 2011 WL 5914284, at *2 (N.D. Cal. Nov. 28, 2011) (citing *United States v. AbonceBarrera*, 257 F.3d 959, 969 (9th Cir. 2001)). The Rule 72(a) "standard is highly deferential—the district judge may not simply substitute his or her judgment for that of the magistrate judge." *AMEC Env't & Infrastructure, Inc. v. Integral Consulting, Inc.*, No. 12-cv-1735, 2014 WL 6601960, at *1 (N.D. Cal. Nov. 19, 2014) (citations omitted). A magistrate judge's decision "must be deferred to unless it is clearly erroneous or contrary to law." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); Fed. R. Civ. P. 72(a).

### B. The Court Should Again Overrule Objecting Plaintiffs' Objections

The Magistrate Judge entered his Pre-Mediation Examination Order after a lengthy hearing, multiple competing proposed orders, briefing by the parties, and review of the Court's prior order requiring reciprocal examinations. Objecting Plaintiffs have not shown any cause to depart from the Magistrate Judge's considered judgment.

As an initial matter, it is unclear whether Objecting Plaintiffs raise a dispute requiring judicial intervention. The Pre-Mediation Examination Order permits the United States to conduct a pre-mediation examination of a plaintiff only after her own expert has done so. ECF 170 at 2. But Objecting Plaintiffs do not state whether any of them intend to conduct a pre-mediation examination. If Objecting Plaintiffs choose not to conduct pre-mediation examinations with Plaintiff's experts, then no pre-mediation examinations by United States' experts will occur.

This prerequisite to any defense pre-mediation examination also addresses Objecting Plaintiffs'

---

[1] Objecting Plaintiffs cite Federal Rule 72(b)(2) as the basis for their challenge. The United States assumes that was in error, as subsection (b)(2) pertains to dispositive motions or prisoner petitions, whereas subsection (a) pertains to non-dispositive matters.

concern about examinations being conducted on plaintiffs who do not put their mental state in controversy. If a plaintiff wishes to avoid putting her mental state in controversy, she can decline to have a pre-mediation examination, claiming only the value of general emotional distress in asserting her case's settlement value. And many of the Objecting Plaintiffs have already put their mental state in controversy by alleging substantial emotional distress and/or specific mental health diagnoses or by asserting claims for intentional and/or negligent infliction of emotional distress. *See, e.g.*, First Am. Compl. ¶¶ 196-205, 463, 471, 479 (Case No. 4:23-cv-4155, ECF No. 152); *Schlagehauf v. Holder*, 379 U.S. 104, 119 (1964) (pleadings alone can be sufficient to establish good cause for an examination by putting a mental or physical injury clearly in controversy).[2]

Moreover, the Pre-Mediation Examination Order does not allow unfettered examinations as Objecting Plaintiffs suggest. The Order contemplates stipulations as to the scope of an examination. And if the parties cannot agree, the plaintiff may seek Court intervention to limit its scope. ECF 170 at 2. Further, if the United States elects to conduct a pre-mediation examination, it may not conduct a post-mediation examination absent leave of Court. *Id.* at 2-3. Objecting Plaintiffs' concerns about the United States "weaponizing the use of psychological evaluation on Plaintiffs" (ECF 179 at 3) are both unfounded and protected against by the existing Order.

Objecting Plaintiffs also argue that permitting reciprocal examinations gives them "second-class" status because non-incarcerated plaintiffs can have pre-mediation examinations by their own experts without Court intervention. But incarcerated plaintiffs *are* different from non-incarcerated plaintiffs, and are subject to many limitations that non-incarcerated plaintiffs are not. Federal prisoners may only use medical, health, and psychological services provided by the BOP—they cannot retain their own treatment professionals. Although a plaintiff may seek a court order compelling the BOP to allow a

---

[2] *See also Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608-09 (C.D. Cal. 1995) (plaintiff's mental condition in controversy where the complaint alleged "humiliation, embarrassment, and mental and emotional distress and discomfort" and "severe emotional distress" and a request for compensatory damages for mental and emotional distress); *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995) ("[C]ourts will order plaintiffs to undergo mental examinations where the cases involve: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy.'").

medical examination by her own expert as part of the discovery process, those requests would be premature here because all cases have been stayed. The Magistrate Judge did not commit clear error in agreeing with this Court's previous conclusion that if plaintiffs wish to conduct pre-mediation examinations—examinations they otherwise would have to delay until discovery begins—then the United States should have the option to do so.

The animating principle of the Pre-Mediation Examination Order is fairness. These cases are stayed, so either both sides or neither side should be allowed pre-discovery examinations for mediation valuation. Objecting Plaintiffs provide no sound reason why the Order was clearly erroneous or contrary to law. It was not. The Court should defer to the Magistrate Judge because the Pre-Mediation Examination Order reasonably and accurately reflects this Court's prior order.

Respectfully Submitted,

Dated: April 9, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ BRODIE M. BUTLAND
BRODIE M. BUTLAND
Assistant United States Attorney

*Counsel for the United States of America*

**Acting under authority conferred by 28 U.S.C. § 515**