JESSICA K. PRIDE (SBN 249212)
jpride@pridelawfirm.com
SOPHIA REBECCA-MARIE (SBN 354972)
sophia@pridelawfirm.com
THE PRIDE LAW FIRM
2831 Camino Del Rio S., Suite 104
San Diego, CA 92108
Telephone: (619) 516-8166
Facsimile: (619) 785-3414
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R.,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL CORRECTIONAL INSTITUTION ("FCI") DUBLIN; ROSS KLINGER; RAY J. GARCIA; and UNITED STATES OF AMERICA, a governmental entity,<br><br>        Defendants. | CASE NO. 4:22-cv-05137-YGR<br><br>*Related To*:<br>*M.A. 4:25-cv-09201-YGR*<br>*C.C. 4:25-cv-06637-YGR*<br>*X.H. 4:25-cv-09543-YGR*<br>*E.H. 4:25-cv-08355-YGR*<br>*M.I. 4:25-cv-09196-YGR*<br>*D.J. 4:25-cv-08564-YGR*<br>*R.L. 4:25-cv-08638-YGR*<br>*N.L. 4:25-cv-09547-YGR*<br>*M.P. 4:25-cv-08639-YGR*<br>*P.R. 3:25-cv-08403-YGR*<br>*R.R. 4:25-cv-09751-YGR*<br>*I.R. 5:25-cv-08049-YGR*<br>*R.T. 3:25-cv-08401-YGR*<br>*S.B. 4:25-cv-08558-YGR*<br>E.T. 4:25-cv-08370-YGR<br>*D.S. 4:25-cv-09053-YGR*<br>*L.S. 4:25-cv-08612-YGR*<br>*R.Y. 3:25-cv-08375-YGR*<br><br>*D.W.- 4:25-cv-08526-YGR*<br>*R.A.- 4-25-cv-08573-YGR*<br>*T.G.- 4:25-cv-08613-YGR*<br>*K.B- 4:25-cv-08902-WHO*<br>*N.J.- 4:25-cv-08906-AMO*<br>*C.M. - 4:25-cv-08908-JD*<br>*H.H.- 4:25-cv-09137*<br>*J.C.- 4:25-cv-09138-JST*<br>*L.V.- 4:25-cv-09141-HSG*<br>*M.V.- 4:25-cv-09168-RFL*<br>*C.G.- 4-25-cv-09170-VC*<br>*K.B-1.- 4:25-cv-09172-LB* |

THE PRIDE
LAW FIRM

- 1 -
JOINT CASE MANAGEMENT STATEMENT
4:22-CV-05137-YGR and Related Cases

*B.A. v. USA, 25-cv-08623-YGR*
*H.M. v. USA, 4:25-cv-07610-YGR*
*J.M.D. v. USA, 25-cv-08657-YGR*
*K.A.L v. USA, 25-cv-08619-YGR*
*K.D. v. USA, 4:25-cv-04157-YGR*
*T.C. v. USA, 4:25-cv-08720-YGR*
*A.V. v USA, 3:25-cv-09966-LJC*
*S.B.R. v. USA, 4:25-cv-09504-KAW*
*S.H. v. USA, 3:25-cv-09643-LB*
*S.T. v. USA, 3:25-cv-09584-PHK*

*L.A. 4:25-cv-4654*

*Cases not yet related:*
*J.B.M. v. USA, 4:25-cv-04157-YGR*
*K.M. v. USA, 3:25-cv-09747-SK*
*R.C. v. USA, 3:25-cv-10513-SK*
*S.P. v. USA, 3:25-cv-10067-TSH*

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Date:           December 17, 2025
Time:           2:00 p.m.
Dept.:          1, Fourth Floor
Judge:          Hon. Yvonne Gonzalez Rogers

The above-entitled civil actions arise out of Federal Correctional Institute ("FCI") Dublin.[1] The Plaintiffs in the above-entitled actions and the United States, which has been named as a defendant in most of the above-entitled actions jointly submit this Joint Case Management Statement & [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9 for purposes of the December 17, 2025 case management conference.

The United States Attorney's Office for the Northern District of California is serving as the liaison counsel for the United States in the above-entitled actions for purposes of the December 17, 2025, case management conference. However, as discussed in more depth below, the Department of Justice has not resolved issues of recusal and assignment with regard to most of the cases that

---

[1] The Standing Order provides that joint case management statements should not, except in unusually complex cases, exceed 10 pages. The Parties respectfully submit this statement in excess of 10 pages given the complexity and number of cases at issue.

THE PRIDE
LAW FIRM

have been served on the government. The United States is in the early stages of that process; the majority of cases that have been served were served during the government shutdown or later, and 20 of the 35 served cases were served in the last week. The United States is mindful of the Court's stated intention to "later group cases to efficiently address joint issues," *see K.D.*, No. 4:25-cv-4157-YGR at ECF No. 7, and submits that the Court-ordered grouping process is most appropriately addressed once the bulk of the cases have been filed and served, and the representation issues for the United States have been resolved. Additional cases filed by *Pro Se* Plaintiffs are related to this lead case and not referenced within this joint statement.

Approximately 28 individual defendants have been named in civil cases, and based on court filings to-date, it appears that only Tyrone Miller is represented by counsel and have appeared in one matter, and Defendant Darrell Smith is self-represented in one matter. Currently, no appearances have been made by all other defendants.

**A. Status of Remaining Round 1 Cases**

  **a. Plaintiff C.C.**

Plaintiff's Counsel and the United States Attorney's Office for the Southern District of California are working to resolve the remaining issue. A resolution is in progress and near finalization as the parties have reached an agreement on all substantive issues. The parties anticipate filing a joint stipulation of dismissal with prejudice soon.

  **b. Plaintiff M.R.**

Plaintiff M.R.'s matter has been fully resolved, and all parties are in agreement this matter is ready for dismissal. The parties intend to file a stipulation of dismissal. However, the parties defer to the Court's instruction because M.R. is currently the lead case in this coordinated action.

**B. Status of Round 2 Cases**

Plaintiffs have filed approximately 40 new cases purportedly arising from sexual misconduct at FCI Dublin. More than 200 additional administrative claims remain pending with the United States Bureau of Prisons, and Plaintiffs anticipate that many of these claimants will pursue their claims in litigation, with an anticipated total of approximately 280 new filings. The parties have attempted to resolve informally certain legal issues, including the statute of limitations

issue described below, but have reached an impasse necessitating Court involvement.

Motions to relate the following cases to M.R. have been filed as of the date of this filing, but the Court has yet to rule on the motions: *J.B.M. v. USA*, 4:25-cv-04157-YGR (ECF No. 326), *K.M. v. USA*, 3:25-cv-09747-SK, *R.C. v. USA*, 3:25-cv-10513-SK (ECF No. 326), *S.P. v. USA*, 3:25-cv-10067-TSH, *S.T. v. USA*, 3:25-cv-09584-PHK (ECF No. 322).

Plaintiffs in these matters respectfully request that the Court rule on the pending motions.

### C.   Additional Case Management Sections Required by Local Rule 16-9

#### 1.      Jurisdiction & Service

The United States is assessing issues concerning subject matter jurisdiction, personal jurisdiction, and venue as each case is filed and served on the United States.  Service in the filed cases is in progress. As noted above, Plaintiffs have served approximately 35 cases on the United States. Plaintiffs are working to locate and serve individual Defendants and request the Court allow Plaintiffs 90 days to execute service. **Exhibit A** identifies the service status for each filed case.[2]

Plaintiffs' counsel has requested the cooperation of the United States of America in serving both current employees of the BOP and persons in the custody of the BOP who have been named as individual defendants in Round 2 lawsuits. Plaintiffs request that the United States of America accept service of current employees to avoid the need to publish the home addresses of defendants where service occurred and the need to send numerous process servicers into the prisons and halfway houses operated by the BOP. However, the United States is generally not authorized to accept service of process on behalf of its employees served in their individual capacities.

#### 2.      Facts

Plaintiffs are or were federal inmates at FCI-Dublin. They contend that they were repeatedly subjected to sexual abuse in violation of federal and state law. Plaintiffs generally bring these civil actions and assert various state, federal, and constitutional law claims including: the Eighth Amendment's Cruel and Unusual Punishment Clause (Excessive Force and Deliberate

---

[2] A redacted version of Exhibit A is attached hereto. An unredacted version will be provided to Chambers prior to the CMC December 17, 2025. Exhibit A is prepared and created by Plaintiffs Counsel. The United States make no representations regarding the substance of the "brief facts alleged in complaint/claim."

Indifference), California's gender violence and sexual assault statutes (Civil Code §§ 52.4 and 1708.5), California common law (Assault, Battery and Negligence), Eighth Amendment's Cruel and Unusual Punishment Clause (Deliberate Indifference), the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 1671-2680) ("FTCA") for various tort claims, as well as other claims arising under California common law and statutory law. Additional claims include First Amendment violations, violations of substantive due process under the Fifth Amendment, and violations of the federal Trafficking Victims Protection Act ("TVPRA"). Not all claims are pleaded in all cases.

The Round 1 cases were filed on a rolling basis beginning on September 9, 2022. Most Round 1 cases have been settled and dismissed. Two matters remain: (1) Plaintiff *C.C., Case No. 4:23-cv-02206-YGR*; and (2) Plaintiff *M.R., Case No. 4:22-cv-05137-YG*R. The outstanding matters are described above.

Approximately 40 Round 2 cases have already been filed, and Plaintiffs anticipate an estimated total of approximately 280 filings.

**3.      Legal Issues**

Plaintiffs believe that the primary legal issues between Plaintiffs and the United States include:

1. When Plaintiffs' FTCA claims accrued and whether Plaintiffs' FTCA claims are subject to equitable tolling;

2. Issues related to accrual, tolling, and concealment under 28 U.S.C. § 2401(b) and 18 U.S.C. § 1595;

3. Whether and to what extent a bellwether process is appropriate for resolving similar threshold statute of limitations issues across the cases; and

4. Whether there is a waiver of sovereign immunity applicable to Plaintiffs' TVPRA claims.

Plaintiffs contend that the two-year statute of limitations for each Plaintiff's claim is subject to equitable tolling given the extraordinary circumstances surrounding the sexual misconduct at FCI Dublin, including: (1) the coercive environment created by the prison staff; (2) the ongoing fear of, and actual, retaliation experienced by the survivors; (3) the concealment of wrongdoing by

the federal government and its employees; and (4) the unique barriers faced by incarcerated individuals in reporting abuse, accessing counsel, or pursuing claims. Plaintiffs further assert that many survivors could not have reasonably discovered the full scope of their claims, or taken steps to pursue them, until well after release from BOP custody. Accordingly, Plaintiffs argue that the FTCA's two-year limitation period extends beyond the date of release from FCI Dublin for many claimants.

Plaintiffs further contend the TVPRA provides an independent cause of action that applies to the sexual misconduct at FCI Dublin and imposes a ten-year statute of limitations. Plaintiffs assert that the remedial scheme of the TVPRA waives sovereign immunity for claims brought against the United States based on the conduct of its employees. Thus, the TVPRA's ten-year statute of limitations governs these claims and independently renders them timely.

The United States submits that many of the claims were filed after the two-year statute of limitations for FTCA claims (28 U.S.C. § 2401(b)) and are thus likely untimely, and there will likely be disputed legal issues surrounding claim accrual and equitable tolling, among other things. The United States further notes that it is still in the process of evaluating the already-filed cases (most of which were served within the last week), and it has had no opportunity to evaluate the more than 200 cases that may be filed. As such, it is premature for the United States to identify potential legal issues.

The parties have engaged in extensive discussions at the administrative phase in an effort to informally resolve a threshold dispute regarding claims accrual and tolling of the FTCA's two-year statute of limitations.

**4.      Motions**

Plaintiffs have filed numerous administrative motions to relate cases, which have all been granted or remain pending. All related cases are identified in **Exhibit A**, which was prepared by Plaintiffs' counsel. The United States had no role in preparing or reviewing **Exhibit A** and makes no assertion as to its contents.

Plaintiffs propose that the Court implement a bellwether process to address the above-described statute of limitations issues by selecting a limited number of cases for dispositive motions

on this issue. This approach will allow the Court to resolve key legal issues efficiently and will guide the remaining cases in the coordinated action.

Plaintiffs propose that the bellwether process would involve dispositive motions directed specifically to the statute of limitations issue across the selected cases. The cases selected for the bellwether process should be a representative sample of the claims. Plaintiffs propose that they will select twenty (20) cases from the pool of filed Round 2 cases they believe appropriately represent the range of statute of limitations issues. The United States may strike up to ten (10) cases from Plaintiffs selection and propose ten (10) cases to replace the challenged cases. Plaintiffs then may strike three (3) of the proposed cases from the United States. After the striking process, the remaining seventeen (17) cases (or another number the Court prefers) will constitute the final bellwether set for dispositive motion briefing. Plaintiffs welcome the Court's discretion to add or substitute cases to ensure the bellwether set reflects a representative cross-section of factual and legal scenarios relevant to the statute of limitations issue. Plaintiffs propose that this bellwether group will allow targeted briefing and limited discovery on the FTCA and TVPRA statute of limitations, including equitable tolling and accrual, to promote efficient resolution and provide guidance for the remaining cases.

The United States is not opposed to a grouping or bellwether process in theory but submits that it is premature to initiate such a process at this stage, before it has reviewed the complaints, evaluated the legal and factual issues presented, and considered whether representative motions will be feasible and efficient. There are more than 200 cases that Plaintiffs anticipate still will be filed. As to the cases that have been filed, the United States will need time to analyze those cases after recusal and assignment decisions have been made.

**5.      Amendment of Pleadings**

As approximately 280 total cases are expected, additional plaintiffs will continue to be added through newly filed cases. Currently, no amendments to existing pleadings are pending. Plaintiffs propose the Court set a reasonable deadline for amendment following resolution of the statute of limitations issues.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").

From the outset of this litigation and continuing after the July 10, 2023, conference, the United States has been working closely with the BOP to ensure that all relevant information in their possession is being collected and preserved. The United States notes, however, that significant information relevant to Plaintiffs' claims is being used for investigative purposes, and the BOP will not have access to those materials until they are released by the investigative agencies.

### 7. Disclosures

The United States will make any disclosures required by the Federal Rules of Civil Procedure once recusal decisions have been made and each individual case is assigned to an appropriate United States Attorney's Office.

Plaintiffs' counsel also will make any disclosures required by the Federal Rules of Civil Procedure or the Court within the required timeframes. Plaintiffs' Counsel notes no ongoing criminal prosecutions exist at this time and disclosures should not be further limited or delayed.

### 8. Discovery

No formal discovery has occurred. The parties have engaged in small amounts of informal discovery throughout the negotiation process. Plaintiffs request that limited, targeted discovery be permitted in advance of their opposition to the statute of limitations dispositive motions. Such discovery is necessary to develop facts relevant to accrual and equitable tolling issues and will enable the Court to evaluate the motions with a complete factual record.

The United States is willing to discuss with Plaintiffs pre-dispositive motion targeted discovery on the statute of limitations issue.  However, the United States once again submits that it is premature to engage in those discussions at this stage, before it has reviewed the complaints, evaluated the legal and factual issues presented, resolved representation and assignment issues, and considered whether representative motions will be feasible and efficient.

Given the scope of anticipated filing, the central issues to be addressed, and the ongoing uncertainty regarding the United States' representation in each of the pending (and to be filed)

cases, the United States submits that additional time is needed before finalizing a joint discovery proposal for Court's review and approval.

Plaintiffs' Position Regarding Further Discovery Matters:

a. Written Discovery

Plaintiffs believe that master discovery requests, supplemented by individual plaintiff-specific requests, will be the most efficient means of obtaining information in these cases. More specifically, Plaintiffs are preparing master consolidated interrogatories and requests for production that seek information applicable to all or nearly all cases, with the ability to serve follow-up requests for production and up to 10 additional interrogatories that cover plaintiff- or case-specific information.

Plaintiff also believes that the reports of the Special Master are of particular relevance to the pending matters and seek the Court's guidance on whether a motion to the Court for release of the sealed reports under a protective order or another process would be appropriate.

b. Site Inspection

Plaintiffs previously conducted a site inspection through mediation and under the protection of mediation privilege. Plaintiffs anticipate seeking a formal site inspection through the discovery process.

c. Depositions

Plaintiffs anticipate taking numerous depositions of former FCI-Dublin officers and employees, including Garcia and many of the individual defendants. Plaintiffs may also take depositions of federal governmental designees. Plaintiffs are open to continuing to meet and confer with the United States and other Defendants regarding the logistics of each deposition. Plaintiffs propose coordination of depositions to avoid the same individual being subjected to multiple depositions, and to avoid duplicative questioning during their depositions. Plaintiffs further propose creating a deposition discovery plan, including time limitations for each witness and allocation of time for respective parties.

**9.      Class Actions**

*CCWP v. BOP* (4:23-cv-04155-YGR) is a class action for injunctive relief. No class-wide damages were sought in *CCWP v. BOP*. Individual damages are sought by the named plaintiffs in *CCWP v. BOP*. Other than *CCWP v. BOP*, the other related actions are not class actions.

**10.      Related Cases**

The Court found that the cases listed in **Exhibit A** are related.

**11.      Relief**

Plaintiffs' Statement

Plaintiffs seek nominal, compensatory and punitive damages, attorneys' fees and costs, and any other relief that the Court deems appropriate.

United States' Statement

The FTCA precludes recovery of punitive damages or attorney's fees against the United States, and it presumptively limits a Plaintiff's recovery to the amount of their administrative claim. The United States may seek dismissal of any claims against it to the extent that those claims arise out of actions falling outside the individual defendants' scope of employment or fall outside of the limited waiver of sovereign immunity under the FTCA.

**12.      Settlement and ADR**

The Round 1 cases were resolved through private mediation and settlement of all claims. Plaintiffs C.C. and M.R. are nearly ready for dismissal, which will conclude all Round 1 cases.

For Round 2, the parties have engaged in discussions toward resolution at the administrative stage. The parties agree that guidance on the statute of limitations issues would facilitate meaningful settlement negotiations.

**13.      Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**14.      Narrowing of Issues**

The parties agree that the statute of limitations issue is central to an orderly resolution of these cases.

**15.    Scheduling**

<u>United States' Statement:</u>

The total universe of cases that could be at issue in Round 2 is still unclear because BOP continues to receive administrative claims, and those administrative claims are still undergoing the administrative exhaustion process and are not yet ripe to be filed in federal court. *See* 28 U.S.C. § 2675(a). For example, BOP received an administrative claim on Monday of this week (December 8, 2025) from the Pride law firm. In addition, there are approximately 200 administrative claims that have been pending for more than six months as of the date of the case management conference, some (but not all) of which have been filed in district court. Plaintiffs report that they anticipate more than 200 additional cases will be filed in district court.

As to the Round 2 cases that have been administratively exhausted, filed in district court, and served on the United States, all but two of those cases were served during or after the 43-day government shutdown, and 20 of the cases (more than half) were served in the last week. The United States' deadline to respond to the complaints has not passed in any of these cases.

DOJ has started the process of determining whether recusal will be required with respect to the cases that have been filed and served to date. The United States notes that employees of the DOJ's General Counsel's Office, where recusal requests by United States Attorney's Offices are processed, were furloughed during the government shutdown. The General Counsel's Office is working diligently to make the recusal decisions, but that process is ongoing, and the United States anticipates that it may take 30 days to make the determinations with regard to the cases that have been served. If it is determined that the United States Attorney's Office for the Northern District of California will be recused from some of these cases, the United States will need additional time to identify and assign the cases to an alternate United States Attorney's Office to handle each such case. With respect to the cases that have yet to be exhausted and/or filed, the United States is not in a position to make recusal decisions and re-assign those cases before the cases have been exhausted, filed, served, and properly analyzed by the DOJ's General Counsel's Office.

To promote efficiency, to understand the universe of cases that will be litigated under the coordinated procedures for Round 2, and to allow for an orderly consideration of the Round 2 cases,

THE PRIDE
LAW FIRM

the United States submits that the Court should set a cutoff date of January 19, 2026 for putative plaintiffs to submit administrative claims to BOP for cases that will be considered in Round 2. Although—by statute, *see* 28 U.S.C. § 2675(a)—BOP has six months to analyze those administrative claims, BOP would commit to either granting or denying any Round 2 administrative claim that it receives on or before the January 19, 2026, cutoff by no later than May 15, 2026. The United States further submits that the Court should set an additional cutoff date of July 17, 2026, for plaintiffs to file and serve any complaints that they wish to have litigated in Round 2. Finally, the United States requests that the Court set status report deadlines of (1) May 27, 2026 for the Parties to report the total number of exhausted administrative claims and (2) July 29, 2026 for the Parties to report the total universe of filed and served cases that will be considered in Round 2 and set a further case management conference on August 19, 2026, during which the parties will submit a joint case management schedule and proposals for grouping issues and cases for efficient resolution.

Plaintiffs' Statement:

Plaintiffs appreciate the logistical constraints face by the United States, including ongoing administrative claims, ongoing recusal determinations, and delays associated with the recent government shutdown. However, Plaintiffs respectfully submit that these internal administrative matters should not impeded forward progress in Round 2. As represented by the United States, nearly 200 claims are past the 6-month administrative period, and either are filed with this Court or are ready to be filed with this Court. Plaintiffs therefore believe coordinated litigation should proceed without substantive delay, including the initiation of bellwether briefing and limited discovery. Plaintiffs are willing to agree to a date certain by which all complaints whose 6-month administrative exhaustion period has already expired will be filed with this Court. Plaintiffs believe this approach will ensure clarity and efficiency for the Court while allowing the litigation to move forward in parallel with the United States' ongoing administrative processing.

After such date, Plaintiffs believe discovery in these cases could proceed immediately following the determination of the bellwether statute of limitations process. Plaintiff's proposed schedule sets forth guidance for the timing of the schedule after the determination of the bellwether

statute of limitations hearings. Firm dates to be set by the Court after determination of the bellwether statute of limitations motions schedule.

Plaintiffs' proposed schedule:

| Deadline to file response to Complaint/Amended Complaint | 90 days from resolution of bellwether SOL motions |
| --- | --- |
| Motion to join parties/amend pleadings | 7 days from response deadline |
| Completion of Fact Discovery: | 180 days from resolution of bellwether SOL motions |
| Initial Expert Designation: | 60 days from Fact Discovery cut off |
| Rebuttal Expert Designation: | 14 days from Initial Expert Designation |
| Expert Reports: | Same day as Rebuttal Expert Designation |
| Supplemental/Rebuttal Expert Reports: | 30 days after Expert Report Deadline |
| Completion of Expert Discovery: | 30 days after Supplemental/Rebuttal Report Deadline |
| Pretrial motion filing cutoff: | 90 days before Trial |
| Mandatory Settlement Conference (MSC): | 90 days before Trial |
| Pretrial Conference date: | 45 days before Trial |
| Trial date: | 1 year from the SOL determination, or as soon thereafter the Court determines |

**16.    Trial**

As to the individual defendants, these cases are expected to be a jury trial. As to FTCA claims against the United States, the claims "shall" be tried by the Court without a jury. *See* 28 U.S.C. § 2402. Plaintiffs propose that they will select a bellwether case for trial, which could last up to 14 days. If parties are unable to resolve the remaining cases after the bellwether trial, the other cases will be set for trial.

**17.    Disclosure of Non-Party Interested Entities or Persons**

Unknown at this time.

**18.    Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other**

The parties are not presently aware of other matters that should be brought to the attention of the Court.

Respectfully Submitted,

Dated: December 10, 2025          **THE PRIDE LAW FIRM**

/s/ Jessica K. Pride
Jessica K. Pride
*Counsel for Plaintiffs*
*Authorized Plaintiffs' liaison counsel for Plaintiffs*
*for purposes of case management conference*

Dated: December 10, 2025          **CRAIG H. MISSAKIAN**
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney
*Counsel for the United States of America*

Dated: December 10, 2025          **BURNS & COHAN**

/s/ Todd W. Burns
Todd W. Burns
*Counsel for Plaintiff, L.A.*

THE PRIDE
LAW FIRM

- 14 -
JOINT CASE MANAGEMENT STATEMENT
4:22-CV-05137-YGR and Related Cases